## McIntire *v.* Pittsburg Steel Foundry, Appellant.

*Negligence—Master and servant—Contributory negligence—Fellow-servant—Dangerous appliance.*

In an action to recover damages for personal injuries it appeared that plaintiff was employed as a carpenter in defendant's foundry, and when injured was engaged in bolting a belt-shifter to the flange of a steel girder which was at one side of a machine shop and twelve feet above the ground. This girder was thirty-six inches wide, with flanges at the top and bottom which extended five inches from the sides. Various mechanical appliances, used in connection with the machinery below, were attached to the girder, and it was used also with a corresponding girder at the other side of the shop to support the rails on which the truck of an electrical crane ran from one end of the building to the other. On the top of each of the girders there was an iron rail, of the kind in general use by railroad companies, on which the wheels of the truck ran. The rails covered only a part of the top of the girders, and did not extend within five inches of the edges of the flanges. In doing his work the plaintiff stood on a ladder, one end of which rested on the ground, and the other against the side of the girder between the flanges. He found some difficulty in adjusting a bolt and called to the master mechanic who was passing for advice. In order to make room for him on the ladder, the plaintiff stepped off onto the lower flange, and threw his arm on the top of the girder at the moment when the truck was passing the point. There was no evidence that the workman who operated the crane was incompetent. It also appeared that there was no occasion for plaintiff descending from the ladder, or, after having done so, for his putting his arm across the rail. *Held,* that the evidence was insufficient to support a judgment on a verdict for plaintiff.

Argued Nov. 10, 1903. Appeal, No. 184, Oct. T., 1903, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1900, No. 494, on verdict for plaintiff, in case of James McIntire v. Pittsburg Steel Foundry. Before Mitchell, C. J., Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Trespass to recover damages for personal injuries.   Before
COLLIER, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $5,000.   Defendant
appealed.

*Error assigned* amongst others was in refusing binding in-
structions for defendant.

*George B. Gordon*, of *Dalzell, Scott & Gordon*, for appellant.
—In the suit of an employee against his employer for an injury
caused by the alleged incompetency of a coemployee there must
be evidence that the coemployee was in fact incompetent: Key-
stone Bridge Company v. Newberry, 96 Pa. 246 ; Snodgrass
v. Carnegie Steel Company, 173 Pa. 228.

There must be evidence that the coemployee's incompetency
caused the injury : Brunner v. Blaisdell, 170 Pa. 25 ; Welsh v.
Pa. R. R. Co., 192 Pa. 69; Snodgrass v. Carnegie Steel Com-
pany, 173 Pa. 228.

The employer must have had notice or knowledge of incom-
petency before the accident: Mulhern v. Lehigh Valley Coal
Co., 161 Pa. 270 ; Keystone Bridge Co. v. Newberry, 96 Pa.
246 ; Snodgrass v. Carnegie Steel Co., 173 Pa. 228.

*R. H. Jackson*, with him *Charles P. Lang*, for appellee.

OPINION BY MR. JUSTICE FELL, January 4, 1904 :

There is no ground upon which the verdict in this case can
be sustained.   The plaintiff was employed as a carpenter in the
defendant's foundry, and when injured was engaged in bolting
a belt-shifter to the flange of a steel girder which was at one
side of a machine shop and twelve feet above the ground.
This girder was thirty-six inches wide, with flanges at the top
and bottom which extended five inches from the sides.   Vari-
ous mechanical appliances, used in connection with the machin-
ery below, were attached to the girder, and it was used also
with a corresponding girder at the other side of the shop to
support the rails on which the truck of an electrical crane ran
from one end of the building to the other.   On the top of each
of the girders there was an iron rail, of the kind in gen-

eral use by railroad companies, on which the wheels of the truck ran. The rails covered only a part of the top of the girders, and did not extend within five inches of the edges of the flanges.

In doing his work the plaintiff stood on a ladder, one end of which rested on the ground, and the other against the side of the girder between the flanges. He found some difficulty in adjusting a bolt and called to the master mechanic who was passing for advice. In order to make room for him on the ladder, the plaintiff stepped off onto the lower flange, and threw his arm on the top of the girder at the moment when the truck was passing the point.

There was no evidence in support of the allegation of the incompetency of the workman who operated the crane and of the defendant's knowledge of it that warranted the submission of the question to the jury. As far as appeared from the testimony, he thoroughly understood the management of the crane in all respects except that of reversing the motor, and had run it without a mistake for over two months. And it did not appear that the crane could by any means have been stopped in time to avoid the accident. The contention that the place at which the plaintiff was directed to work was unsafe because of the running of the crane was wholly unsustained. The only danger incident to the work at which he was put was that of falling from the ladder on which he was expected to stand. There was no occasion for his standing elsewhere, and when he stood upon the flange there was no occasion for his putting his arm across the rail. The place became dangerous only when he thoughtlessly put himself in a position he could not have been expected to take. His case was no stronger than it would have been if he had been put to work on the ground near a railroad track, and had negligently stepped on the track in front of a moving train. The judgment is reversed, and judgment is now entered for the defendant.