## McNeil, Appellant, *v.* Clairton Steel Company.

*Negligence—Master and servant—Contributory negligence—Nonsuit.*

In an action against a steel company to recover damages for personal injuries sustained by the employee of another company, it appeared that at the time of the accident plaintiff was engaged in putting up structural work at the plant of the steel company. A small car operated by electricity ran upon a track past the point where he was at work. In order to permit the car to pass it was necessary to depress a guy rope temporarily in use, and this the plaintiff did by standing on it. He steadied himself in this position by reaching out to the girder or channel upon which the rails were laid, and in so doing inadvertently put his hand upon the rail. It was not necessary for him to do this. The car had passed him once before and he had depressed the rope in the same way and steadied himself by putting his hand on the flange of the girder below the rail. *Held*, that a nonsuit was properly entered.

Argued Oct. 24, 1905. Appeal, No. 43, Oct. T., 1905, by plaintiff, from order of C. P. No. 3, Allegheny Co., Aug. T., 1903, No. 479, refusing to take off nonsuit in case of Frank McNeil v. Clairton Steel Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KENNEDY, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order refusing to take off nonsuit.

*Ralph P. Tannehill*, with him *Thos. M. & Rody P. Marshall*, for appellant, cited: North Penna. R. R. Co. v. Kirk, 90 Pa. 15; Penna. R. R. Co. v. Fortney, 90 Pa. 323; Lee v. Woolsey, 109 Pa. 124; Lehigh Valley R. R. Co. v. Greiner, 113 Pa. 600; Davidson v. Ry. Co., 171 Pa. 522; Gray v. R. R. Co., 172 Pa. 383; Musick v. Latrobe Boro., 184 Pa. 375; Manayunk, etc., Stable Co. v. Traction Co., 7 Pa. Superior Ct. 104.

*George E. Shaw*, of *Reed, Smith, Shaw & Beal*, for appellee.

OPINION BY MR. JUSTICE POTTER, January 2, 1906:

The appellant in this case complains of the refusal of the court below to take off a judgment of compulsory nonsuit. The action was brought to recover damages for the loss of three fingers of the right hand, by the plaintiff. At the time of the accident he was engaged in putting up structural work at the plant of the defendant company. A small car, operated by electricity, ran upon a track, past the point where he was at work. In order to permit the car to pass, it was necessary to depress a guy rope temporarily in use, and this the plaintiff did by standing on it. He steadied himself in this position by reaching out to the girder or channel upon which the rails were laid, and in so doing inadvertently put his hand upon the rail. It was clearly unnecessary for him to do this. The car had passed him once before and he had depressed the rope in the same way, and steadied himself by putting his hand on the flange of the girder below the rail.

The trial judge says, in his opinion refusing to take off the nonsuit: " The rail was laid on a beam which was wider than the base of the rail, and it is plain that there was no necessity for plaintiff putting his fingers over the top of the rail. He could just as well have steadied himself, while standing on the rope to depress it, by placing his hand on or holding to the beam or lower part of the rail, and thus have escaped injury." The rail was not high in the air, but seems to have been only five or six feet from the ground, while the rope which was to be depressed was only about a foot from the ground. The accident was evidently the result of the carelessness of the plaintiff in putting his fingers upon the track, rather than against the flange below the rail. He knew the car was advancing

towards him and that it would pass him, for he was depressing the guy rope in order that it might do so.   We see no error in the refusal to take off the nonsuit.

The assignment is dismissed and the judgment is affirmed.