## Parks, Appellant v. Lewis Foundry & Machine Co.

*Negligence—Master and servant—Travelling crane—Contributory negligence.*

Where an employee in a foundry who is familiar with the premises and the operation of the machinery therein, goes upon the runway of a travelling crane, which at the time is stationary, without giving the usual and proper warning to the craneman, and the crane starts and injures him before he can reach a place of safety, he is guilty of contributory negligence and cannot recover damages from his employer.

Argued Nov. 2, 1911. Appeals, Nos. 205 and 206, Oct. T., 1911, by plaintiff from order of C. P. No. 4, Allegheny Co., Third Term, 1909, No. 787, refusing to take off nonsuit in case of Thomas J. Parks, Administrator of Charles J. Parks, deceased, and Thomas J. Parks v. Lewis Foundry and Machine Co. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

It appeared that the suit was originally brought by Charles J. Parks by his father and next friend, Thomas J. Parks against the defendant. Charles J. Parks died during the progress of the suit.

The facts of the case are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off non-suit.

*L. K. Porter,* with him *S. G. Porter* and *F. H. Phillips,* for appellant.

*W. S. Dalzell,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 2, 1912:

This action was brought to recover damages for personal injuries suffered by Charles J. Parks, while engaged as a crane operator in the employ of the defendant company. Upon the trial, at the close of plaintiff's testimony, a judgment of compulsory non-suit was entered, and from the refusal of the court below to take off this judgment, this appeal has been taken. The injured boy was engaged in operating an electric crane, which traveled upon runways some two hundred feet long, at a height of about sixty feet from the ground. Two cranes were in use upon the same runway. Access from the ground to the runway was had by means of ladders placed at the central point. At the time of the accident it was discovered that a device known as the controller, used in operating the crane was out of order, and Charles J. Parks, after leaving his crane at the proper place at the end of the runway, took the controller to the shop for some attention. In doing this he passed along the track upon which the crane ran, up to the central point and descended the ladder. While returning to his post, as he came up the ladder he saw the other crane at rest some fifty feet along the runway from the ladder towards the opposite end of the building. It appears from the evidence that he knew that the operator of the other crane could not, from his cage, see anyone walking along the runway. He also knew that the noise of the machinery was so great that the only effective means of communicating with the craneman was by signal. He might have given the necessary signal while upon the ground, be-

fore ascending the ladder; but he did not do so. Without having given any warning to the other craneman, he climbed upon the runway, and started to walk along the rail towards his own crane. Having gone but a short distance, he discovered that the other crane, which had been stationary, was in motion, and was approaching him. He then turned back and attempted to regain the ladder. Before he was able to do so, he was struck by the oncoming crane, and injured.

It was contended that the defendant company was negligent in not providing ladders at the ends of the runways, for the use of employees, rather than at the central point. The location of the ladder was not, however, the proximate cause of the injury in this case. That unfortunate result was brought about by the young man's failure to take the obvious precaution of warning the other crane operator before entering upon the trackway. He was thoroughly familiar with the premises, and with the operation of the cranes, and his testimony shows that he fully appreciated the danger of being run down by the active crane while he was on the track. His failure to give notice of the perilous position in which he was about to place himself can only be regarded as contributory negligence. This was the conclusion reached by the trial judge, and from it we can see no escape.

The judgment is therefore affirmed.