# Powell v. S. Morgan Smith Company, Appellant.

*Negligence—Master and servant—Safe place to work—Foreman—Contributory negligence—Case for jury—Evidence—Instructions of court—Measure of damages.*

1. In an action to recover damages for personal injuries sustained by plaintiff while in defendant's employ, the questions of defendant's negligence and plaintiff's contributory negligence are for the jury where it appears that the plaintiff was directed by the defendant's foreman to ascend a ladder for the purpose of shortening the belting passing over a belt shaft in defendant's shop; that the plaintiff proceeded with the work without informing the craneman of his intention to do so; that after the foreman had ordered the plaintiff to ascend the ladder he directed the craneman to move the crane in the direction of the place where the plaintiff was engaged, and as a consequence, plaintiff's hand was injured by the crane, and that the foreman was within a short distance of the plaintiff at the time.

2. In such a case the plaintiff has the right to assume that while engaged in the service directed by the foreman he would not be endangered by the crane put in motion by the order of the foreman himself. Having ordered the plaintiff to ascend the ladder for the purpose of performing the service, it was the duty of the foreman who had charge of the work to see that the place was reasonably safe and that the plaintiff was protected while he was engaged in the service.

3. In such a case if it had been part of the plaintiff's general employment to perform the service and he had not performed it by the direct instructions of the foreman it would have been his duty to notify the operator not to run the crane while he was at work. If, however, the foreman instructed him to perform the work, he could assume that the crane would not be moved while he was obeying the foreman's order, and in that

event he would be relieved from the duty of giving the notice to the operator. He could not anticipate that the foreman would not do his duty in protecting him from the danger and, hence, the fact that he did not give notice to the operator of the crane was not necessarily negligence.

4. In such a case it is not error for the court to instruct the jury that if the foreman directed the plaintiff to shorten the belting and had directed the crane to be moved in his direction while the plaintiff was thus engaged thereby causing his injuries, the plaintiff had made out a case which the court would have to submit to the jury, where the court proceeds to state the defendant's side and then says: "If you find from all of the evidence and the verity of the case as it was presented to you by the plaintiff, before the defendants produce their evidence, then your verdict should be for the plaintiff, but if you find the theories as I have explained to you of the defendant sustained by the evidence, then your verdict should be for the defendant."

5. In such a case judgment will not be reversed because of the inadmissibility of an offer where the testimony subsequently admitted under the offer was clearly competent, or because the court refused to strike out an objectionable reply elicited by the complaining party on cross examination where the answer did him no harm.

6. The charge of the court must be read and considered as a whole and judgment will not be reversed where part of the charge standing alone might bear an erroneous construction, but is not erroneous in view of what is said by the court in other parts of the charge. Counsel cannot be heard to complain of an inadequacy of the court's charge as to measure of damages where fuller and plainer instructions were not asked for at the time.

Argued May 14, 1912. Appeal, No. 184, Jan. T., 1912, by defendant, from judgment of C. P. York Co., April T., 1911, No. 33, on verdict for plaintiff in case of William H. Powell v. S. Morgan Smith Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass for personal injuries. Before ROSS, J.
The opinion of the Supreme Court states the case.
At the trial while the plaintiff was on the stand un-

der direct examination the following offer of testimony was made:

Q. When you had taken these bolts out, and Looking-bill had taken his out, and gone to the western end of the shop, did you have a conversation with Mr. George Schlaanstine? A. Not at that time. But there was a conversation before that time. There was a man who had got hurt at the stone, and bursted the belt off, and torn it down in addition; and of course I couldn't finish my job.

Mr. Cochran. I do not understand the relevancy of this.

The Court. Please give an offer, Mr. Niles.

Mr. Niles. We offer to show that Schlaanstine instructed the witness, when the witness told him that the western emery wheel was broken down, and that Lookingbill had been hurt, to fix those bolts at the other emery wheel, which was further east in the shop; and that the witness replied to Schlaanstine that that emery wheel was out of repair, and had been for a long time; and that Schlaanstine asked him "What was the matter?" And he said that the belt, as he understood it, was too loose; and Schlaanstine instructed him to fix it. That the witness asked Schlaanstine how he could get up there in order to fix the belt running to the main shaft up above these I beams. He instructed him to get a ladder, and to get the ladder used for that purpose, and fix it; that he repeated the order several times. That in pursuance of those instructions, the witness did what he did, which will be the subject of another offer.

Mr. Cochran. The offer as a whole is objected to as including matter which is irrelevant and immaterial, and not evidence for any purpose in the case;—I mean as to what happened at another emery wheel, or is alleged to have happened at another emery wheel;—and we ask for that reason that the offer be rejected

and the testimony objected to, as taken, be stricken out.

The Court. We think it is evidence. We will admit the offer, and seal an exception for the defendant.

Q. (By Mr. Niles) Now, then, tell us the conversation with Schlaanstine;—the first one about emery wheels? A. Well, I went after Lookingbill got hurt; who went away to get his hand dressed;—

The Court. That is not in the offer.

Mr. Niles. Yes.

Q. Do not tell that? A. I left there then, and came back, and just finished the job I was working on, and I met Schlaanstine. And I said, "George, a man got hurt up there;" and I says, "those guards are bad."

Mr. Cochran. I object to what happened at some place else.

The Court. This is not in the offer.

Mr. Niles. This offer is to have the conversation in which the foreman directed this plaintiff to do the work in which he was hurt; and this part leads to it.

The Court. That he can testify to. But what happened to another man is not evidence in this case.

Mr. Niles. No, but what he said in that conversation, which is a necessary part of the order, is the only thing. I can not see that this is objectionable. (1)

Subsequently while the plaintiff was under cross examination the following question was asked:

Q. And you didn't talk to him, or ask this young man about this, or to do anything there? A. Yes; I had him up there to get the bolts that he had taken up. I didn't want to lose them. By that he came out of the superintendent's office, and I says, "Well, that wheel is broken down." That is all—and "you ought to get that guard fixed down there." I says, "a man has got his hand busted there." And he didn't pay much attention to that.

Mr. Cochran. I objected awhile ago to this outside conversation, and ask to have it stricken out.

The Court. Yes, but we cannot have it stricken out. You brought it out.

Mr. Cochran. It was not in answer to my question at all, and he volunteered all this.

The Court. We will give you an exception to this. (2)

In reference to measure of damages the court instructed in part as follows:

"Now if you find a verdict for the plaintiff, you must find damages for those injuries to the extent of the earning capacity (based upon the evidence which has been adduced before you) that he would have if he would live out the reasonable time of life."    (5)

The jury found a verdict for the plaintiff in the sum of $4,000, upon which judgment was entered. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence; (3, 4, 5) instructions; (8) in refusing binding instructions for the defendant.

*Richard E. Cochran,* with him *Smyser Williams* and *George Hay Kain,* for appellant.

*H. C. Niles,* with him *C. W. A. Rochow* and *M. S. Niles,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, July 2, 1912:

The first assignment alleges error in the admission of certain testimony and the second, in refusing to strike out certain testimony. Neither of these assignments can be sustained. If it be conceded that the offer complained of in the first assignment was inadmissible, the testimony subsequently admitted under the offer was clearly competent. The court excluded the testimony as to the accident to another person and admitted only that which showed what the foreman said to the plaintiff at the time he ordered the latter to repair the belting which operated the emery wheel. The

testimony asked to be stricken out was in reply to questions on cross examination by the counsel of the appellant company, but if the motion to strike out should have been allowed, we think the answer of the witness did the appellant no harm.

The third, fourth, fifth and sixth assignments allege error in the court's instructions to the jury. The negligence complained of was the action of the defendant's foreman in permitting and directing the crane to be run on the track and to strike the plaintiff while he was shortening the belting as he was ordered to do by the foreman. That was the negligence relied on by the plaintiff, and it was clearly a question of fact under the evidence submitted and could not have been withdrawn from the jury. If the plaintiff's witnesses were credible the foreman gave him positive orders to perform the service, and after he had ordered the plaintiff to ascend the ladder for the purpose he directed the craneman to move the crane in an easterly direction to the place where the plaintiff was employed and where he received his injuries by reason of the crane crushing his hand. There was also evidence which, if believed, showed that after the craneman was instructed to move the crane, the foreman was within a short distance of the plaintiff at the time the accident occurred. If these facts were established, there can be no question that the defendant's negligence was for the jury. The plaintiff had a right to assume that while engaged in the service directed by the foreman, he would not be endangered by the crane put in motion by the order of the foreman himself: Wessel v. Steel Company, 28 Pa. Superior Ct. 332. Having ordered the plaintiff to ascend the ladder for the purpose of performing the service it was the duty of the foreman, who had charge of the work to see that the place was reasonably safe, and that the plaintiff was protected while he was engaged in the service. This the foreman did not do; on the contrary, he not only failed to protect the plain-

tiff but gave instructions for moving the crane which, under the circumstances, necessarily resulted in endangering the plaintiff's safety.

We do not agree with the learned counsel for the appellant that the language complained of in the third assignment was equivalent to binding instructions for the plaintiff. What the court meant and what the jury must have understood was that if the foreman had directed him to shorten the belting and had directed the crane to be moved eastwardly while the plaintiff was thus engaged thereby causing his injuries, the plaintiff had made out a case which the court would have to submit to the jury. The learned judge, however, proceeded to state the defendant's side of the case, and to direct attention to the facts as the defendant claimed them to be and then said: "If you find from all of the evidence and the verity of the case as it was presented to you by the plaintiff, before the defendants produce their evidence, then your verdict should be for the plaintiff, but if you find the theories as I have explained to you of the defendant sustained by the evidence, then your verdict should be for the defendant." We think there is no ground for the contention that the jury could have understood the court to mean that they were compelled to find for the plaintiff.

Whether it was negligence for the plaintiff to ascend the ladder and perform the service required of him without giving notice to the operator of the crane was clearly one of fact under the evidence and not to be determined as a matter of law by the court. The injury to the plaintiff was caused by moving the crane eastwardly while he was at work. Of course, the plaintiff knew that the crane could be moved eastwardly, and that danger would likely result to him if he were engaged at the time that it was moved. Had it been a part of the plaintiff's general employment to perform this service and he had not been performing it by the direct instructions of the foreman it would

have been his duty to notify the operator not to run the crane while he was at work. We so held in Parks v. Lewis Foundry and Machine Company, 234 Pa. 463. If, however, the foreman instructed him to perform the work, he could assume that the crane would not be moved while he was obeying the foreman's order, and in that event he would be relieved from the duty of giving the notice to the operator. He could not anticipate that the foreman would not do his duty in protecting him from the danger and, hence, the fact that he did not give notice to the operator of the crane was not necessarily negligence.

The excerpt from the charge which constitutes the fourth assignment of error quoted in the appellant's printed brief when read in connection with the other parts of the charge does not justify the contention that it was an instruction that if the jury found the foreman guilty of negligence it would justify a verdict for the plaintiff notwithstanding the latter was guilty of contributory negligence. Standing alone, it might bear that construction, but the charge must be read and considered as a whole. What the learned court said, and what we have no doubt the jury understood, was that the plaintiff would have been guilty of contributory negligence in attempting to perform the work without giving notice to the crane operator, if the foreman who ordered him to do the work had not also ordered the operator to move the crane which caused his injuries. The statement is not erroneous in view of what was said by the court in the other parts of the charge. Of course, it was the duty of the plaintiff to use care while engaged in repairing the belting notwithstanding he had been ordered to do the work by the foreman and the latter had directed the operation of the crane. If he failed in this duty, he could not recover although the defendant's foreman had been negligent, and the learned judge so instructed. He said: "If you find that the accident occurred because of the volunteered carelessness,

or the contributory negligence, as I have described it to you of the plaintiff himself, then your verdict of course must be for the defendant."

In the charge, the court directed the attention of the jury to the testimony showing the plaintiff's injuries, his earning capacity, the character of the work he had been engaged in, and what wages he had received, and then used the language as to the measure of damages complained of in the fifth assignment of error. The learned judge should possibly have instructed the jury more explicitly on the subject, but, in view of what he had already said we cannot say there is reversible error in the language used. As said by the present. Chief Justice in Irwin v. Pennsylvania Railroad Company, 226 Pa. 156: "This was a correct statement of the rule, although perhaps not so clear and explicit as desirable to insure its full understanding by the jury. It was, however, satisfactory to counsel at the time, and if fuller and plainer instructions were desired, they should have been asked for."

The judgment is affirmed.