## Thorson v. Carnegie Steel Co., Appellant.

*Negligence—Master and servant—Contributory negligence— Failure to guard—Act of May 2, 1905, P. L. 352.*

In an action by an employee against a steel company to recover damages for injuries sustained through being struck by a moving crane while walking on the crane track near the roof of the building in which plaintiff was working, the case is for the jury where there is evidence to show that it was necessary for the plaintiff to be on the crane girder or track at the time he was injured; that before he started he looked down the track and saw that the crane was not in motion and that no one was in the cage; that he was struck by the crane after walking ten or twelve feet on the track; that the general noise of the mill prevented plaintiff's hearing the noise made by the crane as it approached him from the rear; that employees of the defendant company at times walked over the crane track; that it was the duty of the foreman in charge to give notice to the crane-man that the appellee would in all probability be on the crane girder or track, and that there should be a lookout for him; that the foreman failed to give such notice, and that the appellee had not been instructed as to the

crane call whistles and the other signals used in the mill; and that although there were safety devices in use on cranes identical in construction with the one which ran over the plaintiff, there were none on it.

Argued October 15, 1912. Appeal, No. 193, Oct. T., 1912, by defendant, from judgment of C. P. Lawrence Co., March T., 1911, No. 87, on verdict for plaintiff in case of John B. Thorson v. Carnegie Steel Co. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCH-ZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PORTER, P. J.

The facts are stated in the opinion of the Supreme Court.

The accident occurred on March 8, 1909.

The court charged in part as follows:

"This Act of 1905, provides that whenever practicable the machinery shall be safeguarded with safety devices. Prior to the passage of this act when a person went into a dangerous place to work he was held to assume the risk of his employment in that place. But if the company has not provided safety devices for his protection then he cannot be charged with assuming the risk of his employment." (8)

Plaintiff offered the following point:

"3. If the jury believe that it was practicable for the defendant company to have provided and equipped its traveling crane and appliances in the bar mill with clamps, safety guards, gongs, or warning bells then the failure to do so would be in violation of the provisions of Section 2 of the Act of Assembly May 2, 1905, P. L. 352, and would constitute negligence on the part of the defendant, against which said negligence the defendant cannot set up the assumption of the risk by the plaintiff.

"Answer: Affirmed." (9)

Verdict and judgment for plaintiff for $3,681.54. Defendant appealed.

*Errors assigned* were, inter alia, (8, 9) instructions of the court as above, quoting them.

*J. Norman Martin,* for appellant, cited: Wilson v. R. R. Co., 222 Pa. 341; Byers v. Coal Co., 230 Pa. 10; Zuraw v. Hammermill Paper Co., 232 Pa. 544; Fitzgerald v. Paper Company, 155 Mass. 155 (29 N. E. Repr. 464); Diehl v. Iron Co., 140 Pa. 487; Kennedy v. R. R. Co., 1 Mona. (Pa.) 271; Nattress v. R. R. Co., 150 Pa. 527; Hurley v. Lukens Iron & Steel Co., 186 Pa. 187; Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185; Del. L. & W. R. R. Co. v. Cadow, 120 Pa. 559; Pitts. & Connellsville R. R. Co. v. Sentmeyer, 92 Pa. 276; Wilkinson v. Mfg. Co., 198 Pa. 634.

*A. W. Gardner,* with him *Chas. E. Mehard,* for appellee, cited: Jones v. American Caramel Co., 225 Pa. 644; Valjago v. Carnegie Steel Co., 226 Pa. 514; Fegley v. Lycoming Rubber Co., 231 Pa. 446; Solt v. Williamsport Radiator Co., 231 Pa. 585; Bollinger v. Crystal Sand Co., 232 Pa. 636; Amiano v. Jones & Laughlin Steel Co., 233 Pa. 523.

OPINION BY MR. JUSTICE BROWN, January 6, 1913:

The appellee, an employee of the Carnegie Steel Company, while walking on a crane track near the roof of the building in which he was working, was struck by a moving crane and sustained the injuries for which compensation is claimed in this action. While the jury might fairly have returned a verdict in favor of the defendant, neither the question of its negligence, nor that of the contributory negligence of the plaintiff, could, under all the evidence, have been taken from them. Testimony was properly admitted to show that, in performing the duty assigned to him, it was necessary for the appellee to be on the crane girder or track at the time he was injured. Shortly before, he had taken off a top sheet of an iron partition near the roof of the

building and was carrying it along the crane track to leave it in some safe place where it would not fall on any one below. He testified that, before he started, he looked down the track and saw that the crane was not in motion and that no one was in the cage; and that after he had walked ten or twelve feet on the track, the crane, moving in the direction in which he was going, ran into and injured him. The general noise of the mill prevented his hearing the noise made by it as it approached him from the rear. From all the testimony, the jury were justified in finding that employees of the defendant company at times walked over the crane track; that it was the duty of the foreman under whom the appellee worked to have given notice to the craneman that he would in all probability be on the crane girder or track, and that there should be a lookout for him; that the foreman failed to give such notice, and that the appellee had not been instructed as to the crane call whistles and the other signals used in the mill. Though there were safety devices in use on cranes identical in construction with the one which ran over the appellee, there were none upon it, and this went to the question of the appellant's negligence, as the learned trial judge correctly held in instructing the jury in those portions of his charge which are quoted in the eighth and ninth assignments of error. In submitting the question of the defendant's negligence, and that of the plaintiff's contributory negligence, no error is to be found in the charge or in the answers to the points, and the assignments, from the fourth to the sixteenth inclusive, are overruled.

No reversible error is set forth in the first assignment. The motion to strike out the testimony of Waldron was overruled, the court directing that it should stand for the time being. He subsequently came into court and asked to correct his testimony, and, having been permitted to do so, stated that he was mistaken in having testified as to the length of time the safety appliances

had been on the cranes in the Shenango mill. There was no renewal of the motion to strike out his former testimony, nor was a request made that the jury be directed to disregard it. Sanquist's testimony—the admission of which is complained of by the second assignment—was confined to appliances in use in 1909, and what he said as to the Ohio plant was stricken out, on motion of counsel for appellant, as soon as it was discovered that he had spoken without knowledge. The question put to Davenport—the disallowance of which is complained of by the third assignment—was not relevant at the time it was asked, and the trial judge committed no error in ruling it out as not proper cross-examination.

The sixteen assignments are overruled and the judgment is affirmed.