## Edsberg *v.* Baldwin Locomotive Works, Appellant.

*Negligence—Contributory negligence—Operation of crane—Case for jury.*

In an action of trespass to recover damages for personal injuries, it appeared that plaintiff, a structural iron worker, employed by contractors, was sent by his employers to re-enforce certain trestle work in a yard belonging to the defendant company; that while engaged in such work he was required to stand upon an iron girder about sixty feet above the ground; that in leaving this place of employment to descend, at the end of the day, it was necessary to cross, and temporarily stand, upon a track, upon which the defendant company operated an electric crane; that before stepping upon the track, he looked and saw that the cranes operated thereon were stationary, and at some distance from him; that he turned his back to the cranes while standing upon the track, for the purpose of receiving his tools from an assistant; that while in this position he was struck by a crane which had been negligently moved by the operator, who knew that plaintiff was working above the tracks, and who admitted that if he had been looking he would have seen the plaintiff in time to have stopped the crane, and that in failing to look he had violated the instructions which he had received from the defendant. *Held,* the questions of the negligence of the defendant company and the contributory negligence of the plaintiff were for the jury, and a verdict and judgment in favor of the plaintiff should be sustained.

Argued April 1, 1913. Appeal, No. 79, Jan. T., 1913, by defendant, from judgment of C. P. No. 1, Philadelphia Co., March T., 1911, No. 3143, on verdict for plaintiff in case of Carl Edsberg v. Baldwin Locomotive

Works.  Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before MAGILL, J.

From the record it appeared that Carl Edsberg, the plaintiff, was a structural iron worker employed by Brann & Stewart, contractors, and was sent with other workmen to re-enforce trestle work in a yard of the Baldwin Locomotive Works in Philadelphia. On August 4th, 1910, he was engaged in drilling holes in an iron girder about sixty feet above the ground. With him was an assistant. About 5:20 p. m. he was notified that it was time to stop. He then climbed across the girder upon which he was working to an upright iron column and descended this column to two girders about eight feet below. These girders ran east and west and carried iron tracks over which ran two ten ton cranes. One of the girders held the north track of one crane, and the other the south track of the other crane. Before Edsberg descended the column he looked and saw the crane on the north track, stationary, one hundred feet to the westward. He also looked to the east and saw the crane on the south runway forty-five feet distant, also stationary. When he reached the two girders below he looked again and saw the cranes in the same position, then placed one foot where the diagonal iron strips connected with the steel girder about four or five inches from the track of the runway and the other foot he stretched across to the other girder in the same position. He faced the east with the column in front of him and rested one hand against it for support, and reached the other hand upwards for his tools. His assistant climbed over the upper trestle for the tools, to pass to him. While in this position for about a minute and a half or two minutes the crane on the north track in charge of an operator employed by the defendant, moved eastward from behind and without warning to the plaintiff ran

into him and crushed his leg against the column. The operator was warned to watch for the workmen on the girders. He testified that when the accident happened he was facing the opposite direction. Evidence was offered to the effect that the crane operator knew that Edsberg and his assistant were working on the trestle above the crane because they were in sight of him all day, and a half hour before the accident spoke to him while he was passing beneath them. The jury rendered a verdict in favor of the plaintiff in the sum of $20,000. A motion for judgment non obstante veredicto was made and refused, and judgment entered on the verdict. Defendant appealed.

*Errors assigned* were the refusal of the court to direct a verdict for the defendant, and to enter judgment for the defendant n. o. v.

*John G. Johnson,* with him *James Wilson Bayard,* for appellant.—The appellee in his own case discloses himself to be guilty of contributory negligence: Little Schuylkill Nav. R. R. & Coal Co. v. Norton, 24 Pa. 465; Parks v. Lewis Foundry & Machine Co., 234 Pa. 463; Connelley v. Penna. R. R. Co., 201 Fed. Repr. 54; Thorson v. Carnegie Steel Co., 238 Pa. 166.

The evidence discloses no negligence on the part of the appellant or its employees.

*Michael Francis Doyle,* with him *Michael Korn,* for appellee.—The court did not err when it refused binding instructions for the appellant. The case was properly for the jury: Conyngham v. Motor Co., 15 Pa. Superior Ct. 573; Thorson v. Carnegie Steel Co., 238 Pa. 166; Stoltenberg v. Railroad Co., 165 Pa. 377; West Chester & Phila. R. R. Co. v. McElwee, 67 Pa. 311; Rheingans v. Railroad Co., 236 Pa. 476; Miller v. Railroad Co., 41 Pa. Superior Ct. 625; O'Brien v. Coal Co., 237 Pa. 44; Powell v. S. Morgan Smith Company, 237 Pa. 272;

Means v. Penna. Company, 52 Pa. Superior Ct. 175;
McDonald v. Collieries Company, 234 Pa. 255.

No judgment can be entered against the verdict except where binding instructions would have been proper at the close of the trial: Bond v. Railroad Co., 218 Pa. 34; Strawbridge v. Hawthorne, 47 Pa. Superior Ct. 647; Duffy v. Water & Power Company, 233 Pa. 107.

The appellant was grossly negligent and its negligence was the sole cause of the appellee's injuries.

OPINION BY MR. JUSTICE ELKIN, May 5, 1913:

At the trial the learned court below refused a point for binding instructions in favor of the defendant, and subsequently overruled the motion for judgment non obstante veredicto, upon the whole record. These rulings are made the subject of the two assignments of error upon which appellant relies. The decision of the case depends entirely upon the question whether it was for the jury or for the court. Of course, the burden was on the plaintiff to establish by competent testimony the negligence of the defendant, and his case in chief must not disclose contributory negligence on his part. As to the negligence of the defendant the testimony introduced at the trial in our opinion was sufficient to meet this burden. The jury would have been fully warranted in finding the following facts from the evidence: That it was the duty of the crane operator to keep a lookout for men working on or above the runway; that on the day of the accident he knew appellee and his assistant were working above the tracks; that if looking in the direction the crane was moving he could have seen where appellee was standing and the danger he was in; that he was not looking in the direction the crane was moving at the time of the accident; that he was looking in the opposite direction from that in which the crane was moving; that the crane was not loaded and was entirely subject to his control; that he could have avoided the accident if he had looked and seen appellee standing on the

girder some sixty feet above the ground; that he violated his instructions to run the crane carefully, "and to look that the track was clear before he started it up"; and that if he had performed his duty in these respects the accident would not have happened. Under these facts and the inferences to be drawn from them it was for the jury to say whether appellant had failed in the performance of any duty it owed appellee.

It was likewise the province of the jury to determine under the facts whether appellee was guilty of contributory negligence. It is only in clear cases, where the facts are undisputed and but one inference can be drawn from them, that negligence can be declared as a matter of law. This is certainly not such a clear case. The injured man was getting down from the place above the tracks where in the performance of his duties of employment he was required to be, and it was necessary to take his tools down with him and this is what he was attempting to do when the crane run him down. It is true that he was standing with his back to the crane, but before he took this position he looked both ways to see if the cranes were moving toward him. He saw both cranes standing stationary, and, from his knowledge and observation had a right to assume that the operator of the crane on the runway upon which he was standing would keep a lookout and protect him in his dangerous position. He was standing on the girder for the purpose of receiving his tools from his assistant who was handing them down, and this was in the line of his duty. It was for the jury to say whether there was a better or less dangerous place to stand or whether he had failed to do what a prudent man would have done under the circumstances. The trial judge would not have been warranted in declaring him guilty of contributory negligence as a matter of law. The charge of the learned court below was fair and impartial. It covered every feature of the case and left to the jury all disputed questions of fact with proper instructions as to the law.

No complaint is made as to the manner of submission and we cannot agree that the case should have been taken from the jury. Thorson v. Carnegie Steel Co., 238 Pa. 166, where a recovery of damages was sustained practically rules this case.

Judgment affirmed.