## Papilios *v.* Best Manufacturing Company, Appellant.

*Negligence—Master and servant—Employee of contractor—Case for jury.*

1. The owner of a building is liable for the negligence of his servants which causes an injury to the employee of a contractor at work in the building.

2. In an action against the owner of a manufacturing plant by an employee of a contractor, to recover damages for personal injuries, it appeared that the plaintiff was injured while working as a painter along the runway of an electric crane. The evidence tended to show that the operator of the crane could have seen the plaintiff before moving the crane, if he had not been engaged in reading a newspaper. The operator had been notified by the plaintiff's employer to watch out for the painters. No signal of starting the crane was given, and its movement was so quiet, that according to the plaintiff's testimony, he had no notice of its approach until too late to extricate himself from

the dangerous place at which he was working. There was testimony that the plaintiff could have escaped by sliding down a column, if he had had sufficient warning. The plaintiff had had considerable experience in working about electric cranes. *Held*, that the whole question of defendant's negligence, and plaintiff's contributory negligence was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued April 27, 1914. Appeal, No. 102, April T., 1914, by defendant, from judgment of C. P. Allegheny Co., Dec. T., 1911, No. 848, on verdict for plaintiff in case of William Papilios v. Best Manufacturing Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FRAZER, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*S. Leo Ruslander*, with him *Charles M. Thorp* and *Leo Weil*, for appellant, cited: Park v. Lewis Foundry & Machine Co., 234 Pa. 463.

*F. C. McGirr*, of *Marron & McGirr*, for appellee, cited: Metzger v. Cramp, 235 Pa. 17.

OPINION BY ORLADY, J., July 15, 1914:

The plaintiff was an employee of a contractor who had engaged to paint the ironwork in the defendant's manufacturing plant, and while working along the runway of an electric crane, was injured by the crane moving on him and cutting off a part of his hand. He had considerable experience in working about electric cranes,

and appreciated the dangerous position he was occupying at the time he received his injuries.   When he began his work at this place the crane was stationed about fifteen feet distant from him, and the operator was seated in his cage reading a newspaper.   From this cage the operator could see along the line of his track and he directed the movement of the crane on the runway.   He had been notified by the plaintiff's employer to watch out for the painters, for the reason that they were required to paint over all of the ironwork.   No signal of starting the crane was given, the explanation being that the operator testified that he did not see the plaintiff.   It was so equipped that it was started by a hand controller and could be stopped instantly by the application of a foot brake, so that it at all times was under the control of the operator.   The plaintiff testified that its movement was so quiet that he had no notice of its approach until too late to extricate himself from the dangerous place at which he was working.   Appellant relies on Parks v. Foundry & Machinery Co., 234 Pa. 463, but an examination of that case satisfies us that it is not controlling under the facts of this one. Here, the plaintiff was working where he was directed by his employer, and where he was expected to work by the defendant company in the painting of its ironwork.   The operator of the crane knew that this work was being done, and was bound to take reasonable precaution to avoid any injury to the painter.   Each was in clear view of the other.   The plaintiff's attention was naturally directed to the work about which he was engaged, and he had a right to expect that when the crane started in his direction he would have reasonable notice of its approach by a signal, in accordance with the request made by his employers.   It was urged that had such warning been given he could have escaped by sliding down a column.   But the whole question of defendant's negligence and the plaintiff's contributory negligence depended upon the view the jury would take of the testimony adduced on the trial.   The fact that

the plaintiff was employed by an independent contractor is not controlling, as the plaintiff was engaged in work which the defendant had contracted to be done, and whether the plaintiff was its employee or that of their contractor its duty was to so manage its movable machinery as to not injure the person engaged in the work they required to be done: Hamilton v. Racquet Club Garage, 56 Pa. Superior Ct. 403.

The owner of a building is liable for the negligence of his servants which causes an injury to the employee of a contractor at work in the building: Connelly v. Faith, 190 Pa. 553; Perry v. Payne, 217 Pa. 252; Metzger v. Cramp, 235 Pa. 17. The jury could fairly find from the evidence that the operator of the crane was guilty of negligence in not giving the plaintiff notice of a movement of that machinery in his direction, and the question of the plaintiff's contributory negligence was fairly submitted to the jury: Thorson v. Carnegie Steel Co., 238 Pa. 166; Edsberg v. Baldwin Locomotive Works, 240 Pa. 614.

The judgment is affirmed.