## Lowry *v.* Baldwin Locomotive Works, Appellant.

*Negligence—Master and servant—Cranes — Contributory negligence—Binding instructions.*

Where in an action against a locomotive works to recover damages for injuries sustained by an employee while painting a girder, at an elevation of twenty feet from the floor of the foundry, it appeared that plaintiff had placed his hand over the track of a traveling crane to steady himself, and that the crane ran over his hand and crushed it, and there was evidence that plaintiff knew that the tracks were in constant use, and that the foundry was in full operation at the time of the accident, he was guilty of contributory negligence and the court should have directed a verdict for defendant.

Argued Feb. 7, 1916.   Appeal, No. 279, Jan. T., 1915, by defendant, from judgment of C. P. Delaware Co., June T., 1914, No. 401, on verdict for plaintiff, in case of R. Robinson Lowry v. Baldwin Locomotive Works. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before BROOMALL, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,516.25 and judgment thereon.   Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*William I. Schaffer,* with him *J. Borton Weeks,* for appellant.—The plaintiff was guilty of contributory negligence, as a matter of law: Solt v. Williamsport Radiator Co., 231 Pa. 585; McIntire v. Pittsburgh Steel Foundry Co., 208 Pa. 34; McNeil v. Clairton Steel Co., 213 Pa. 331; Meixner v. Philadelphia Brewing Co., 210

Pa. 597; Parks v. Lewis Foundry & Machine Co., 234 Pa. 463.

*Albert Dutton MacDade,* for appellee.—The question of the plaintiff's contributory negligence was for the jury: Oyer v. Lehigh & New England R. R. Co., 248 Pa. 577; Van Zandt v. Philadelphia, Balto. & Wash. R. R. Co., 248 Pa. 276; Cramer v. Aluminum Co. of America, 239 Pa. 120; Miller v. Tiedemann, 249 Pa. 234; Wetzel v. Pittsburgh Rys. Co., 55 Pa. Superior Ct. 22; Gary v. Oehrle Bros., 59 Pa. Superior Ct. 68; McCafferty v. Penna. R. R. Co., 193 Pa. 339; Joyce v. Balto. & Ohio R. R. Co., 230 Pa. 1; Smith v. Balto. & Ohio R. R. Co., 158 Pa. 82; Penna. R. R. Co. v. White, 82 Pa. 327; McKeever v. Westinghouse Elec. & Mfg. Co., 194 Pa. 149; Ralston v. Baldwin Locomotive Works, 240 Pa. 14; Papilios v. Best Mfg. Co., 58 Pa. Superior Ct. 70.

OPINION BY MR. JUSTICE FRAZER, March 20, 1916:

Plaintiff, an employee of defendant, seeks to recover compensation for injuries received while engaged in painting a steel girder which supported the runway of a traveling crane in defendant's foundry. The runway, or track, upon which the crane moved was about twenty feet above the floor, and in the performance of his work plaintiff stood upon a scaffold, or platform, constructed by placing planks on girders, located a few feet lower than the one upon which he was working. To steady himself as he painted the under part of the girder he grasped the rail attached to the girder with his left hand, and while in that position the crane moved along the track and passed over his hand crushing four fingers to such extent as to require their amputation. The negligence alleged on the part of defendant was: (1) failure to provide the crane with a fender or guard in compliance with the provisions of the Act of 1905 and (2) not providing a safe place in which to work. The defense was that the Act of May 2, 1905, P. L. 352, did not apply,

and that plaintiff was guilty of contributory negligence. A verdict was rendered in plaintiff's favor and upon refusal of the court below to enter judgment for defendant non obstante veredicto, this appeal followed.

Was plaintiff chargeable with contributory negligence? The testimony shows his familiarity with the building and the work in which he was engaged. Although he stated he was under the impression the crane was not in use on the morning of the accident, he testified to having knowledge that cranes were operated over the rail in question, in fact had seen them running "hundreds of times," and knew the foundry was in full operation on the morning of the accident, and that the machinery around him was being operated at the time and making considerable noise. The crane man called by plaintiff testified the crane had been traveling up and down the shop every five or ten minutes on the morning of the accident; that he had not seen plaintiff at work, and was not aware the girder was being painted, consequently gave no notice to plaintiff of his intention to start the crane, which had been temporarily stopped a few moments before the accident near where plaintiff was working. That plaintiff could have avoided all danger by grasping the side, or flange, of the girder on which the track was located, instead of catching the rail, is not denied.

Under these circumstances no excuse has been shown on the part of plaintiff for his failure to observe such reasonable precautions, as would have prevented the injury. Having been in defendant's employ from time to time for about eight years, he was perfectly familiar with his surroundings, fully aware of the dangers incident to his position, and realized the necessity of avoiding contact with the moving crane as he looked along the track to ascertain its position before placing his hand on the rail. There is no evidence that the foreman who was working with plaintiff, and assisting in painting the girder, had undertaken to warn him of the approach of

the crane, or that plaintiff himself had taken the precaution of notifying the operator of his position and the work at which he was engaged. While the operator, from his position in the cage attached to the crane, might have seen plaintiff had he looked in his direction, he did not do so but looked downward, keeping in view the workmen employed on the floor of the shop, as required of him in the performance of his duties.

The case is similar to McIntyre v. Pittsburgh Steel Foundry Co., 208 Pa. 34, where a workman, without necessity, and while employed on a ladder, placed his arm across the rail attached to a girder on which an electric crane was operated, and received injury from a passing crane. In that case it was said by Mr. Justice FELL: "The only danger, incident to the work at which he was put, was that of falling from the ladder on which he was expected to stand. There was no occasion for his standing elsewhere; and when he stood upon the flange there was no occasion for his putting his arm across the rail. The place became dangerous only when he thoughtlessly put himself in a position he could not have been expected to take. His case was no stronger than it would have been if he had been put to work on the ground near a railroad track, and had negligently stepped on the track in front of a moving train." McNeil v. Clairton Steel Co., 213 Pa. 331, is also in point. In that case plaintiff was engaged in erecting structural work in defendant's plant, and to permit a crane to pass along the girder near which he was working inadvertently laid his hand upon the rail and was injured. The lower court held that since he could as well have steadied himself by placing his hand on the beam, or lower part of the rail, he was guilty of contributory negligence, and could not recover. This ruling was sustained on appeal. Parks v. Lewis Foundry & Machine Co., 234 Pa. 463, is also a case of injury to an employee who entered upon the track of a crane without giving notice to the operator. We there held that since plaintiff was thoroughly familiar with

the premises and the operation of the cranes, and fully
appreciated the danger of being run down while on the
track, he was guilty of contributory negligence. Plain-
tiff in the present case undertook to perform an act in
an obviously dangerous manner. Had he placed his
hand on the flange of the girder instead of the rail, or
had notified the crane man of his position, no injury
would have resulted. He failed to take either of these
precautions, and, being fully aware of the dangers in-
cident to his position, he was clearly guilty of contribu-
tory negligence, and cannot recover.

The authorities relied upon by plaintiff are distin-
guishable from the present case. Thus in Powell v. S.
Morgan Smith Co., 237 Pa. 272, plaintiff was directed
by the foreman to ascend a ladder for the purpose of re-
pairing a belt, and while engaged in the work the fore-
man ordered the crane man to move his crane, but neg-
lected to notify plaintiff of his action, and as a conse-
quence the latter was injured. It was held the question
of plaintiff's contributory negligence was for the jury.
In that case, however, the injury was directly caused by
the negligence of the foreman in directing the crane to
be moved when he knew the plaintiff occupied a position
of danger, and under the circumstances this court held
plaintiff was justified in assuming the crane would not
be moved without notice to him, and he was thereby re-
lieved of the duty of giving notice of his position to the
operator. In Thorson v. Carnegie Steel Co., 238 Pa. 166,
also relied upon by plaintiff, it was the duty of the fore-
man, under whom plaintiff worked, to give notice to the
crane operator of plaintiff's presence on the track. In
Papilios v. Best Mfg. Co., 58 Pa. Superior Ct. 70, the
master had assumed the duty of notifying the crane
operator of plaintiff's presence and to watch out for him,
and it was therefore held he had a right to expect rea-
sonable notice of the approach of the crane, in accord-
ance with such instructions.

In view of our conclusion that plaintiff was guilty of

contributory negligence, we do not deem it necessary to consider whether or not the provisions of the Act of 1905 requiring certain machinery to be properly guarded, is applicable to elevated traveling cranes: Jones v. American Caramel Co., 225 Pa. 644; Solt v. Williamsport Radiator Co., 231 Pa. 585.

The judgment is reversed, and judgment is now entered in favor of defendant.