# Rafferty, Appellant, *v.* City of Pittsburgh.

*Eminent domain—Municipalities—Road law—Change of grade of street—Measure of damages—Appeal from award of jury of view —Charge of court.*

In an issue framed to determine the damages, if any, suffered by a property owner by reason of a change of grade of a city street, the plaintiff is entitled to an unqualified affirmance of a point requesting the court to charge that the measure of damages is the difference in the market value of the property immediately before and immediately after the change, and it is reversible error for the court to modify this rule, or to instruct the jury in effect that these elements are not controlling.

Argued Oct. 23, 1916. Appeal, No. 179, Oct. T., 1916, by plaintiff; from judgment of C. P. Allegheny Co., Jan. T., 1914, No. 2153, on verdict for defendant in case of Gilbert Rafferty v. City of Pittsburgh. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and WALLING, JJ. Reversed.

Appeal from award of jury of view. Before CARPEN-TER, J.

The facts appear by the opinion of the Supreme Court.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned,* among others, was the charge of the court and answers to points.

*W. W. Stoner,* of *J. M. Stoner & Sons,* for appellant.

*H. M. Irons,* Assistant City Solicitor, with him *Charles A. O'Brien,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 8, 1917:

This was an issue framed by the court below to determine the damages, if any, done to the property of the plaintiff by reason of the change in the grade of Federal street in the City of Pittsburgh. The trial resulted in a verdict and judgment for the defendant city, and the plaintiff has appealed.

The third and fourth assignments allege error in the charge of the court on the measure of damages. The rule in such cases was announced by this court nearly a century ago, and since then, as appears by an unbroken line of decisions, there has been no departure from it. We then held in Schuylkill Navigation Company v. Thoburn, 7 S. & R. 410, that the measure of damages is the difference between what the property would sell for as unaffected by the injury, and what it would bring as affected by such injury. In delivering the opinion in that case, Mr. Justice GIBSON said (p. 422): "The jury are to consider the matter just as if they were called on to value the injury at the moment when compensation could first be demanded; they are to value the injury to the property without reference to the person of the owner or the actual state of his business; and in doing that, the only safe rule is to inquire what would the property, unaffected by the obstruction, have sold for at the time the injury was committed? What would it have sold for, as affected by the injury? The difference is the true measure of compensation." The same doctrine was announced in Cummings v. Williamsport, 84 Pa. 472, where we held that in estimating the damages sustained by the opening of a street the proper measure is the difference between what the property would bring in the market before the improvement, and what after the improvement was made, without reference to the purpose for which it may be used.

The parts of the charge embraced in the third and fourth assignments are clearly erroneous, and do not state the correct rule as to the measure of damages. The court said in its instructions to the jury: "You heard a great deal of testimony as to the selling value of the property before and after the change. You understand, of course, that you are not to consider what is known as the general market in regard to that matter; I mean by that that you are not to consider those things that affect the general market for real estate at or about, or since that improvement took place. If there was a general boom in prices, or a general depression in prices in the community, owing to the state of business, and the condition of the real estate market, that does not enter into this case." In other words, the jury were told that, in determining the damages sustained by the plaintiff, they were not to consider the general market value of the plaintiff's property before and since the improvement. That, the learned court told the jury, does not enter into the case. Again the court says: "The question for you to determine is: What effect this improvement had upon this property, and in determining that, you determine not exactly the prices before and the prices after, because men differ very widely as to what it was worth before and as to what it is worth after......, but you are to determine whether this change that was made over there made a change in the value of that property." This is a repetition, in different language, of the prior incorrect instructions. The court said to the jury they were to "determine not exactly the prices before and the prices after" the improvement, and assigned as a reason "because men differ very widely as to what it was worth before and as to what it is worth after." As suggested by the learned counsel for the plaintiff, if the witnesses had not differed as to the market value of the property before and after the improvement, there would have been no necessity for litigation to determine whether or not the plaintiff was injured by the improvement. The

court says, in this connection, as will be observed, that they are to determine whether the change in grade made a change in the value of the property. How this is to be determined the learned judge does not say, but he does instruct the jury that it is not to be determined by considering the value of the property before and after the improvement. This is, therefore, not simply a failure to instruct the jury as to the measure of damages, but it is clearly an incorrect instruction as to the true measure of damages in such cases. On the trial of the case both parties manifestly regarded the difference in the market value of the property before and after the improvement, as affected by the improvement, as the correct measure of damages. They introduced evidence to show the market value of the property immediately before and immediately after the change of grade of the street for the manifest purpose of enabling the jury to determine the damages resulting to the plaintiff by reason of the improvement. This was the theory upon which the case was tried, but not upon which it was submitted to the jury.

The plaintiff's first point requested the court to charge, in substance, that the measure of damages is the difference in the market value of the property immediately before and immediately after the change of grade of the street. The learned trial judge affirmed the point "with the explanation which I have given as to how you are to proceed in determining the question involved in the point." The qualification of the affirmance of the point is the subject of the fourth assignment. The point was correct and should have been affirmed without qualification which was simply a reiteration of the incorrect instructions, as to the measure of damages, contained in the general charge. In effect, the answer, as qualified, was a denial of the point.

We cannot agree with the learned counsel for the appellee that the charge, as a whole, gave to the jury the correct measure of damages. If this were true, we would

not reverse, Powell v. S. Morgan Smith Co., 237 Pa. 272, but we have failed to discover instructions in any other part of the charge which correct those that are erroneous, or give clear and adequate instructions on the measure of damages.

As the case goes back for a retrial, we do not deem it necessary to consider or determine the questions raised by the other assignments.

The third and fourth assignments of error are sustained, and the judgment is reversed with a new venire.