# Craig *v.* Riter Conley Mfg. Co., Appellant.

*Negligence—Employee of independent contractor—Moving crane —Warning—Notice—Master and servant—Contributory negligence —Case for jury.*

1. In an action by an employee of an independent contractor to recover damages for personal injuries suffered while at work on alterations in defendant's building, the case is for the jury, where the evidence, though contradicted, tends to show that plaintiff was injured while standing on a girder, by the end of a moving crane striking him, that defendant's foreman knew of the presence of defendant, promised to protect him, but had failed to do so by giving the usual warning by gong, and that the man operating the crane could have seen plaintiff if he had looked.

2. The presence of plaintiff on the girder, in view of all the circumstances, could not convict him of contributory negligence as a legal conclusion.

3. The work being done was for the mutual benefit of all parties and plaintiff was in the plant by the implied invitation of defendant company, which was therefore bound to use reasonable care for his safety.

Argued October 14, 1921.   Appeal, No. 134, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., April T., 1920, No. 1058, on verdict for plaintiff, in case of Harry N. Craig, in his own right, and Harry N. Craig for the use of Hughes-Foulkrod Co., etc., v. Riter-Conley Manufacturing Co.   Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for personal injuries.   Before HAYMAKER, J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $25,000.   Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment n. o. v., quoting record.

*William A. Challener,* with him *Charles S. Crawford* and *Clarence Burleigh,* for appellant, cited: Powell v. Smith Co., 237 Pa. 272; Parks v. Foundry & Machine Co., 234 Pa. 463; Lowry v. Locomotive Works, 253 Pa. 87; Edsberg v. Locomotive Works, 240 Pa. 614.

*Ephraim W. Langfitt,* with him *Rody P.* and *M. R. Marshall,* for appellee, cited: Foster v. Steel Co., 216 Pa. 279; Perry v. Payne, 217 Pa. 252; Van Zandt v. R. R., 248 Pa. 276; Reed v. Ry., 243 Pa. 562; Bennett v. R. R., 102 U. S. 577.

OPINION BY MR. JUSTICE WALLING, January 3, 1922:

In defendant's original factory building at Leetsdale, near Pittsburgh, was a crane with a cross-beam forty feet long and supported at each end by a steel girder twenty-two inches in width.   The crane was about thirty feet above the floor, and ran the length of the building (580 feet) upon iron rails fastened to the top of the girders, while the operator stood in an open cage suspended from the crane.   In 1919 defendant erected a large addition to its factory, which extended the entire

length of the old building and necessitated the removal of the intervening brick wall. A contract for the addition was let to the Hughes-Foulkrod Company, by whom plaintiff was employed as a carpenter. It was necessary for the workmen, engaged in the construction of the new building and in attaching it to the old, occasionally to be around and upon the steel girder which extended along the inside of the old wall.

On July 1, 1919, plaintiff, while engaged in placing a wooden post as a temporary support to a concrete gutter, found it necessary to stand upon this girder where he was struck and permanently injured by the end of the moving crane beam. There was some conflict in the evidence but it justified a finding that defendant's crane foremen knew of the presence of the workmen upon and around the girder and had promised to protect them, and that for the three days preceding the accident such protection had been uniformly given by sounding the gong whenever the crane was moving in the vicinity of the workmen. Admittedly no warning was given on the occasion of the accident. The crane operator could have seen plaintiff in ample time to avoid the accident had he glanced that way, but excuses his failure to do so on the ground that it was his duty to look down at the floor and that he had no knowledge of plaintiff's presence on the girder. The trial judge submitted the case to the jury who found for the plaintiff; and, from judgment entered thereon, defendant brought this appeal.

The only complaint of appellant is that the trial court should have decided the case in its favor as a matter of law, and that we cannot sustain. The work being done was for the mutual benefit of all parties and plaintiff was there by the implied invitation of the defendant company, which was therefore bound to use reasonable care for his safety: Reed v. Pitts., C., C. & St. L. Ry. Co., 243 Pa. 562; Newingham v. J. C. Blair Co., 232 Pa. 511; Papilios v. Best Mfg. Co., 58 Pa. Superior Ct. 70. And see Thorson v. Carnegie Steel Co., 238 Pa. 166; Powell

v. S. Morgan Smith Co., 237 Pa. 272. While the evidence was conflicting it sustains a finding of defendant's negligence, although the jury might have found the facts otherwise. The contractor's men were known to be working about the girder from time to time and, in view of this fact, the failure of the crane operator to glance in that direction while moving along the track or to give any warning were circumstances for the jury to consider on the question of his neglect.

The noise of the factory and of the work upon the new building naturally prevented plaintiff from hearing the approach of the crane, as his stooped position, while driving in the post, prevented him from seeing it. He was bound to be vigilant for his own safety; yet, in view of the promise of protection and its fulfilment theretofore, his presence on the girder, in the performance of his work, cannot convict him of contributory negligence as a legal conclusion. Whether, under the circumstances, plaintiff exercised due care for his own safety was a question of fact (Van Zandt v. Phila., B. & W. R. R. Co., 248 Pa. 276), as was the question of the necessity of his standing on the girder while doing his work. The cases of Lowry v. Baldwin Locomotive Works, 253 Pa. 87, and McNeil v. Clairton Steel Co., 213 Pa. 331, cited for appellant, are not controlling; for in each the workman voluntarily put his hand on the crane track without necessity, when he might have steadied himself conveniently and safely by holding to a brace or flange.

Plaintiff was doing necessary work and the fact that he had not been directed by the foreman to set that particular post is unimportant.

The judgment is affirmed.