Batcho, Appellant, v. Lowry.

Argued November 29, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*H. Gilbert Cassidy, Jr.,* for appellent.

*William C. Bodine, Joseph S. Conwell,* and *Layton M. Schoch,* for appellee, were not heard.

PER CURIAM, January 2, 1934:

Plaintiff appeals from refusal of the court below to award a new trial in an action of trespass to recover damages for personal injuries. Appellant, an employee of a subcontractor engaged in carpenter work in the construction of a building in Philadelphia, was injured in the collapse of a concrete block wall and brought this suit against the contractor having charge of the erection of the wall. The jury rendered a verdict for defendant. Appellant assigns as error refusal of its points for charge concerning the degree of proof of defective operation required to fasten responsibility on defendant.

The refusal of the trial judge to charge as requested was not error as the case was presented. The court charged that "a building contractor erecting party walls must erect or construct a wall, when he knows that other men are working near by, in such a manner as a careful and prudent man in that class or kind of work

would do under the circumstances. If he fails to do so it is an act of negligence." This instruction was proper: Craig v. Riter Conley Mfg. Co., 272 Pa. 219. The cases relied upon by appellant which state that only "slight evidence of defective operation is required to fasten responsibility on the contractor," arise upon motions for judgment non obstante veredicto after verdict for plaintiff or upon appeal from award of a nonsuit, and merely indicate the character of evidence required to carry the case to the jury. They usually involve situations in which the circumstances in themselves are sufficient to raise a presumption of negligence in the absence of explanation by defendant. See Shafer v. Lacock, 168 Pa. 497; Lesick v. Proctor, 300 Pa. 347 and cases there cited. Here plaintiff offered evidence of defective construction which was met by countervailing evidence of contributory negligence upon the part of plaintiff. In the circumstances a clear question of fact was raised for the jury which returned a verdict in defendant's favor.

After charging that the burden of proof was on plaintiff to establish his right to recover by a fair preponderance of the evidence, the trial judge affirmed appellant's third point which read "I charge you that the burden of proof in this case is met, if you believe that the accident would not have happened had the wall been properly built and properly cared for during the course of its erection." This instruction left to the jury the question of defendant's negligence. Had the trial court awarded a nonsuit appellant might have just cause for complaint, but the issue having been submitted to the jury and resolved in defendant's favor, no question as to the sufficiency of the evidence to raise a case for the jury's consideration can now arise.

The order of the court below dismissing the rule for new trial is affirmed.