# Lewin *v.* Pauli, Appellant.

*Landlord and tenant—Negligence—Defective stairway—Proximate cause.*

One of several tenants of a building who claim under separate leases and use a common stairway may recover in an action against the landlord for injuries resulting from the stairway being out of repair. In such a case the duty of keeping the stairway in ordinary safe condition is on the landlord.

In an action against a landlord by one of several tenants of a building to recover damages for personal injuries sustained by reason of a defective stairway, where it appears that the plaintiff was prevented from testifying by reason of the death of the landlord, the evidence is sufficient to support a finding that a break in the stairway was the proximate cause of the accident, which shows that the plaintiff was found by a companion from whom he had been separated for a few minutes, with the avowed purpose of closing the windows of his room, at the foot of the stairway in question, unconscious and suffering from several bruises in different parts of his body; that by his side was a strip of wood between one and one half inches wide, the length of one of the steps of the stairway, which corresponded with the part removed from the eighth or tenth step from the bottom; that the stairway had been in bad condition; and that the landlord had been notified of its condition by a number of the tenants at different times, and had made repeated promises to repair it.

*Negligence—Contributory negligence—Burden of proof.*

A plaintiff in an action for personal injuries caused by the negligence of the defendant, is bound to show a case clear of contributory negligence; that is, his own evidence must not contain anything which would show contributory negligence on his part, but he is not bound to prove a negative and show that he was not guilty of contributory negligence.

*Negligence—Instructions—Points.*

In a negligence case, where the court has given instructions to the jury, a party who desires further instructions should make the proper request for them, and, if he fails to do so, cannot complain in the appellate courts of the lack of such instructions.

Argued Jan. 16, 1902. Appeal, No. 37, Jan. T., 1902, by

defendant, from judgment of C. P. Lackawanna Co., Nov. T., 1896, No. 287, on verdict for plaintiff, in case of Charles Lewin *v.* Martha Y. Pauli. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CARPENTER, J.

At the trial it appeared that on July 4, 1896, Charles Lewin was injured by falling down a stairway in a house belonging to F. S. Pauli, and in which he rented a room. The circumstances of the accident are stated in the opinion of the Superior Court.

Defendant presented these points:

1. The plaintiff having set forth in his declaration a certain agreement of lease between himself and defendant, and alleged as his cause of action a violation of such agreement by defendant, and it appearing from such lease, now in evidence, that plaintiff, as tenant, covenanted to repair the premises, there can be no recovery by plaintiff for want of repair by landlord. *Answer:* Refused. [1]

2. This is not a case of nuisance, but one of contract between the parties and is contained in the covenants of the lease. Under this agreement plaintiff agreed to repair the leased premises and he has no right of action against defendant for not doing what he himself agreed to do. *Answer:* Refused. [2]

4. There is no evidence showing that plaintiff's injury arose from any defect in the stairs. *Answer:* There is no direct evidence in the case that plaintiff's injuries resulted from any defect in the stairs, but you have a right to find the fact from circumstantial evidence, if from all the circumstances surrounding the case you believe the injury was caused by a defect in the stairs. [4]

5. Under the law and the evidence the plaintiff is not entitled to recover. *Answer:* Refused. [5]

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Errors assigned* were (1, 2, 4, 5) above instructions, quoting them.

*Everett Warren* and *I. H. Burns,* for appellant, cited: Bears v. Ambler, 9 Pa. 193.

*R. L. Levy*, with him *George Horn*, for appellee, cited: Looney v. McLean, 129 Mass. 33; Peil v. Reinhart, 127 N. Y. 381; 27 N. E. Repr. 1077; Brown v. Weaver, 17 W. N. C. 230.

OPINION BY BEAVER, J., February 14, 1902:

Plaintiff leased from defendant's testator a room on the second floor of a three-story building, the second and third stories of which were rented to different tenants who used a common stairway, in reaching their several apartments, which was the only one in the building. Plaintiff was found by a companion, from whom he had been separated for a few minutes, with the avowed purpose of closing the windows of his room, at the foot of the stairway, unconscious and suffering from several bruises in different parts of his body. By his side was a strip of wood between one and one half inches wide, the length of one of the steps of the stairway which corresponded to the part removed from a step, the eighth or tenth from the bottom. The accident occurred during the lifetime of the defendant's testator but statement was not filed, until after his death. The stairway was shown to be in bad condition which had been brought to the attention of the defendant's testator by a number of the tenants at different times, and promises to repair the same were repeatedly made. The plaintiff's mouth was closed by the death of his landlord as to what occurred at the time of the accident. No one being present who could testify, the jury were permitted to infer the cause of the accident from the circumstances and conditions surrounding the plaintiff at the time he was discovered by his companion. Several questions are raised by the appellant which will be briefly considered in their order.

1. The first question goes to the right of the plaintiff to recover and is thus stated in the question involved. The question is, " Whether a tenant who rents a room, with privilege of hall and stairs for egress and ingress, and who covenants to repair, is estopped from maintaining an action against his landlord for injuries received from stairs being out of repair." The question thus stated is not sufficiently full, in view of the facts of the case. The real question is, " Can one of several tenants, who claim under separate leases and use a common stairway, recover in an action against his landlord for injuries resulting from the said stairway being out of repair? " If the

plaintiff had been the sole occupant of the second and third floors which were reached by the common stairway, there would undoubtedly be force in the appellant's argument; but the landlord, being under obligations to furnish the means of ingress and egress by means of the stairway, was bound to keep the same in proper repair. Any other view of the respective rights of the landlord and tenants would lead to confusion and uncertainty and would place the responsibility for the maintenance of the stairway practically nowhere. In Looney v. McLean, 37 Am. R. 295; 129 Mass. 33, it was held: "Where a portion of a building is let and the tenant has rights of passageway over staircases and entries in connection with the landlord and other tenants, there is no such leasing as will exonerate the landlord from all responsibility for the safe condition of that portion of which he still retains control and which he is bound to keep in repair. As to such portion he still retains the responsibilities of a general owner to all persons, including the tenants of his building: Leavitt v. Fletcher, 10 Allen, 119; Foster v. Peyser, 9 Cushing, 242; Readman v. Conway, 126 Mass. 374; Milford v. Holbrook, 9 Allen, 17." So it was held in Peil v. Reinhart, 12 L. R. A. 843: "Permitting stairway carpet with holes in it to remain on the stairs of a tenement house, with notice of its condition, renders the owner liable for injuries to a tenant from a fall caused by catching her foot in one of the holes." In Dollard v. Roberts, 14 L. R. A. 238, it was held that "the fall of plaster, from the ceiling of a hallway in a tenement house used in common by various tenants, renders the landlord liable for injuries to an occupant of the building who is struck and injured thereby, if the landlord had notice that there was danger of its falling." The remarks of BRADLEY, J., in the latter case are applicable here: "If the hallway had been part of the premises demised to the plaintiff, there would have been no liability of the defendant to him; but the argument of the defendant's counsel, founded upon the proposition that such was the relation of the parties to that portion of the building, does not seem to be applicable to the present case. It was a four floor tenement house. The apartments on the second, third and fourth floors were separately rented for use by families as dwelling places. The plaintiff had rented and, with his family, occupied the fourth or top floor. Other families oc-

cupied the second and third, and on the ground floor was a drug·
store and a hallway common to the occupants of the floors
above. It was the means provided for their passageway for
ingress and egress into and from the building in going to and
from the apartments from and into the street. It was essen-
tially provided for that purpose and necessarily common to the
use of such occupants. Their right of passage through it was :
necessary to the availability for occupancy of the apartments ,
rented by them. It was provided for their use in passing to
and from the apartments demised to them, of which it consti-
tuted no part. It was, therefore, subject to their right of pas-
sage in it, under the control of the defendant, who was the
owner and their landlord, and upon him was the duty of exer-
cising reasonable care in keeping the hallway in suitable repair
and condition for the use in safety by his tenants of apartments
on the floors above it." Numerous authorities are here quoted
in support of this position. The authoritiec are numerous and
uniform in support of this position, although our attention has
been directed to no Pennsylvania authority expressly ruling
the question. The liability of the defendant in this case it so
fully sustained by these authorities and others which could be
quoted, as well as upon reason and the necessary liability aris-
ing out of the relation of the parties, that we have no doubt as
to the plaintiff's right to recover.

Other questions arising out of the trial and the charge of the
court were subsequently assigned for error and may be briefly
considered:

2. It was argued that there was no evidence that the break
in the stairway was the proximate cause of the accident. Upon
this subject the trial judge in the court below, in his charge,
said : " The burden of proof rests upon the plaintiff to make
out his case by the fair weight of the evidence, and you are the
judges of the evidence, and you are to determine whether he
makes out his case or not as to the facts which will be submit-
ted to you. It is not enough for him to prove that he has suf-
fered injury by something which happened upon the premises
of Mr. Pauli. He must prove, to your satisfaction, that Mr.
Pauli owed him a legal duty which he failed to perform. He
must, for this purpose, prove facts from which it can be ascer-
tained, with reasonable certainty, what precaution Mr. Pauli

ought to have taken and did not take.  He must also prove facts or circumstances from which it can be fairly inferred that Mr. Pauli's negligence caused the injury of which he complains."  And again: " Mr. Pauli, having died since the accident happened, the plaintiff himself is not competent to testify as to what occurred at that time, and there is no direct evidence as to the exact manner in which this injury took place.  There are, however, circumstances from which, if you credit the testimony of the witnesses, you would be justified in finding that it was caused by falling while going up or down the stairs in question.  That, however, is entirely a question for you, under all the evidence which has been given to you by the witnesses, taking into account the circumstances as they have been detailed to you, and you are to consider whether the fall was caused by the unsafe condition of the stairs or not."  A careful reading of the evidence satisfies us that the proximate cause of the injury could readily be inferred by the jury from the conditions which prevailed and the circumstances surrounding the plaintiff at the time of the injury, as detailed by the witness, who found him, and by other witnesses who testified as to the condition of the stairway, and this was fairly submitted for their finding.

3. The eighth, ninth and tenth assignments of error relate to the question of contributory negligence and much stress has been laid upon the failure of the court to instruct the jury as to that subject.  Quotations are made from the charge of the court in support of this contention, but in a previous part of the charge we think the trial judge fully covered the ground, in which he says: " But I am of opinion, and therefore instruct you as a matter of law, that where an owner of property such as this was, rents it out to several different and entirely unconnected persons, as in this case, and all those parties have to use a common entrance hall and stairs as a means of ingress and egress to and from their rooms, the duty of keeping such stairs in ordinary repair is on the landlord, and, if he neglects to keep them in ordinary safe condition and an injury results to a tenant by reason of such negligence, without any contributory negligence on the part of the tenant, then the landlord is liable in damages."  This, it seems to us, was all that was necessary to be said upon that subject.  A plaintiff in an action for per-

sonal injuries caused by the negligence of the defendant is bound to show a case clear of contributory negligence; that is, his own evidence must not contain anything which would show contributory negligence on his part, but he is not bound to prove a negative and show that he was not guilty of contributory negligence. The burden necessary to be borne by the plaintiff in this behalf was placed upon him by the court.

4. It was also claimed at the argument that the charge of the court was inadequate and did not properly present the defendant's side of the case. We have read the charge repeatedly with reference to this exception and fail to find any ground upon which it may be fairly based. The defendant presented a number of points for charge which were either refused or answered by the court below fairly and fully, and, if she had desired further instructions in regard to any phase of the case, she could have secured them by points properly prepared; or, if the court had failed to meet any point in the case fully, a verbal request calling attention to the neglect, would have secured all to which she was entitled. "In a negligence case, where the court has given instructions to the jury, a party who desires further instructions should make the proper request for them, and, if he fails to do so, cannot complain in the Supreme Court of the lack of such instructions:" Leary v. Electric Traction Co., 180 Pa. 136.

The case was well tried. The charge of the court was clear, adequate, full and satisfactory. We find nothing in it of which the defendant has the right to complain. The assignments of error are all overruled and the judgment affirmed.