# Shay *v.* Sherwood, Appellant.

*Landlord and tenant—Lease of flat—Covenants—Construction of covenants.*

Where a clause in a lease of a flat provides that in consideration of the lessor's furnishing heat, and cold and hot water without extra charge, he "shall not be liable for any failure to supply the same not due to gross negligence on his part, nor for any damage to property caused by fire, water or steam," and by another clause the lessor agrees "to keep public halls, heating apparatus and electrical appliances, gas and drainage pipes up to said apartment and all portions of said building in the general use of the tenants in good and thorough order and repair," the lessee cannot recover damages from the lessor for injuries to property caused by a leaky radiator within the flat occupied by him.

Argued Nov. 3, 1916. Appeal, No. 184, Oct. T., 1916, by defendant, from judgment of Municipal Court, Phila-

delphia Co., Feb. T., 1916, No. 327, on verdict for plaintiff in case of H. L. Shay v. Norman S. Sherwood.   Before ORLADY, P. J., PORTER, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Assumpsit for breach of covenant in a lease.   Before WHEELER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $172.30.   Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Henry Baur,* with him *Robert E. Lamberton,* for appellant.—Where two clauses are inconsistent and conflicting, they must be construed so as to give effect to the intention of the parties as collected from the whole instrument: Straus v. Wanamaker, 175 Pa. 213; Hazleton Coal Company v. Buck Mountain Coal Co., 57 Pa. 301; Miller v. Reading Hotel Co., 248 Pa. 541; Employer's Liability Assur. Co. v. Morrow, 143 Fed. Rep. 750.

*Wm. J. Turner,* for appellee.—The intention of the parties that the lessor should keep the heating apparatus in good and thorough order and repair cannot be defeated by the language of clause second, which if standing alone would lead to a contrary and different conclusion.   Clause third gives effect to the manifest intention of the parties and is not clearly at variance with the whole lease, therefore, it should be adopted: Trexler v. Reynolds, 43 Pa. Superior Ct. 168; Vulcanite Paving Co. v. Philadelphia, 239 Pa. 524; Miles v. New York, Etc., Coal Co., 250 Pa. 147; Miller v. Heller, 7 S. & R. 32.

OPINION BY TREXLER, J., May 7, 1917:

The defendant by writing leased to the plaintiff a flat in the City of Philadelphia. By reason of a leaky radiator in the apartment, the property of plaintiff was damaged. He brings this suit in assumpsit for the damages caused, as he alleges, by the failure of the defendant to perform the covenants of the lease.

The lease contains the following clauses:

"Second.— (The lessor) Agree(s) to furnish heat during cold weather, commencing not later than the first day of October, and continuing until the first day of May following in each year, and hot and cold water, and janitor service, during the continuance of this lease, without extra charge; and in consideration that no such extra charge is made therefor in the event of the failure of the lessor to supply the same for any cause, the said lessor shall not be liable for any failure to supply the same, not due to gross negligence on their (his) part, nor for any damage to property caused by fire, water or steam.

"Third.—Agree(s) to keep public halls, heating apparatus and electrical appliances, gas and drainage pipes up to said apartment and all portions of said building in the general use of the tenants in good and thorough order and repair."

The plaintiff must recover in this action upon some breach of the contract and it is incumbent upon him to show that the landlord has broken one or more of the covenants contained in the lease and thus occasioned the loss which he sustained. The learned trial judge held that the above quoted portions of the lease were "self contradictory" and excluded the "second" clause as having no bearing upon the case trying. He regarded the "third" clause as the last utterance of the parties and as controlling and directed the jury to decide the question "whether there has been any breach of this covenant." In this we think there was error. The two clauses should be construed as to give, if possible, effect

to both. The intention of the parties must be gathered from the whole instrument. We start out with the presumption that every part of the instrument is placed there to serve some purpose in expressing the contract of the parties. We construe the two clauses above quoted as follows: In clause "second" the landlord agrees to furnish among other things heat free of cost to the tenant and because no charge is made therefor, he is to be released from any liability on his failure to supply the same, not due to gross negligence on his part, and he is further to be free from any liability for any damage to property caused by fire, water or steam. It will be noticed that the landlord in this clause makes no covenant to make repairs, but he engages to furnish certain supplies without cost. There would certainly be nothing in this clause to render him liable for damage caused by steam escaping from a leaky radiator. Whilst he is liable for gross negligence in failing to supply heat, he is expressly exempt from liability "for damage to property caused by fire, water or steam."

When we come to the third clause, we find nothing which we regard as inconsistent with the second. The lessor agrees to keep the public halls, heating apparatus, etc., up to said apartment and all portions of said building in the general use of the tenants in repair. Plainly the landlord's duty ended at the apartment occupied by the tenant; within those limits he owed no duty under the contract. This is the plain meaning of this clause. The portions of the building used in common by the tenants were under his care. Those in the occupancy of the several tenants, he was under no contractual obligation to keep in repair. This was in accord with the duties arising from the relations of landlord and tenant irrespective of any express contract: Lewin v. Pauli, 19 Pa. Superior Ct. 447. We find no portion of either clause that would charge the landlord with breach of contract in failing to keep the valve inside of plaintiff's apartment closed or in good repair. On the other hand, the lease, it

463, (1917).]          Opinion of the Court.

is evident, was written so as to relieve the landlord of any duty in this regard. The construction of the lease was with the court and as we regard it, there remained no question for the jury. Under the facts as presented no liability of the lessor under the contract of lease for the damages claimed was shown.

The judgment is reversed and the record remitted to the court below with direction to enter judgment for the defendant n. o. v.

WILLIAMS, J., dissents.