## Minor, Appellant, v. Hogg.

*Landlord and tenant — Covenant for repairs — Injury to tenant's goods.*

Where a tenant is in possession of a storeroom in a building under a lease to keep the premises "in good repair, including water pipes," and the tenant's goods are injured by a flood of water which was diverted into the storeroom through a defective rain-spout which connected the roof gutter with the ground, the landlord is liable to the tenant for the injuries sustained, if it appears that the diversion of the water was due to the defective construction or maintenance of the roof gutter and down spouting, and that the roof gutter and down spout were not in any way a part of or connected with the premises leased by the tenant.

In such a case evidence that an agent of the landlord had orally promised the lessee before the lease was executed that the premises would be kept dry, is immaterial.

Argued April 24, 1917. Appeal, No. 38, April T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1914, No. 2106, for defendant n. o. v. in case of W. J. Minor v. George Hogg. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for injuries to goods. Before COHEN, J.

The facts are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict for plaintiff for $138.43. Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*Thos. M. Marshall, Jr.,* with him *Thos M. Marshall, Sr.,* for appellant.—The lease did not contemplate repairs by plaintiff outside of the particular portion leased: Lewin v. Pauli, 19 Pa. Superior Ct. 447.

*Joseph F. Mayhugh,* for appellee.—There being no covenant in the lease requiring the lessor to repair, the doctrine of caveat emptor applies: Johnson v. Matthews, 4 Delaware County 365.

OPINION BY ORLADY, P. J., July 13, 1917:

This action of assumpsit was brought to recover damages caused by injuries to goods in the storeroom of the plaintiff, occupied by him under a lease from the defendant, which described the property as follows: "All that certain storeroom situate and known as 406 Braddock Avenue, Braddock, Pennsylvania." It was stipulated in the lease that among other things, the tenant was required "to make all necessary repairs thereto, to maintain and keep the premises during the term in good repair, including water pipes, their connections and all plumbing fixtures,......and to surrender the same in as good order as they now are, reasonable wear and tear and accident by fire alone excepted." The building of which this storeroom was a part was described as,—a two-story brick building, with a tile front, and the possession of the plaintiff was limited to the storeroom on the first or lower floor. The upstairs part of the building was rented to another tenant, under the same form of lease as the one executed by this plaintiff. A short time after the plaintiff entered into possession, the storeroom was flooded with water which was diverted into the plaintiff's premises through a defective rain-spout which connected the roof gutter with the ground. The roof gutter and down spout were not in any way a part of or connected with "the premises" leased by the plaintiff. The amount of the damages is not questioned, and a verdict in the court below for $138.43, was on motion of

the defendant set aside, and a judgment non obstante veredicto entered.

The lease was executed by a trust company acting for the owner, the defendant, and testimony was admitted without objection, tending to show that prior to making the lease, the tenant made particular inquiry of the trust company's officer as to the character of the storeroom, and stated, "If that building ain't dry I don't want it, because I am leaving a building that is damp," and was informed: "You can rest assured that the building is perfectly dry." This was denied by the trust company officer, and they further urged that they had no authority from this defendant, as owner, to in any manner modify the terms of the written lease, or bind the owner by any assurance as to the condition of the property. From the undisputed facts in the case, this plaintiff was not required to make any repairs to any part of the building, outside of the storeroom he occupied, and the cause of his damage was from defective construction or maintenance of the roof gutter and down spouting entirely outside of the premises he leased. This was not a case of reformation of a written contract on the ground of fraud, accident or mistake, and the parol evidence which was admitted was simply explanatory of the facts and conditions which were open to the inspection of both parties.

The alleged assertion of the trust officer that the premises were, and would be kept dry, were not inconsistent with the lease, and the conduct of the landlord in promptly repairing the broken rain spout was supporting proof of the agent's statement that he would provide a dry storeroom for the plaintiff.

We feel that the trial before the jury was fairly conducted and substantial justice done.

The judgment is reversed, the record is remitted to the court below with direction to enter judgment on the verdict.