# Sloan *v.* Hirsch, Appellant.

*Negligence—Landlord and tenant—Care as to persons employed by tenants—Tort—Promise of notice—Authority—Master and servant—Injury to employee of independent contractor.*

1. An owner of a building who directly or by implication invites another to go therein, owes to such person the duty to have his premises in a reasonably safe condition and give warning of latent or concealed perils.

2. A landlord is interested in the comfort and prosperity of his tenants and his consent that they make improvements is an implied invitation to those they employ to make them.

3. Where premises are let to several tenants, each occupying different portions, but all enjoying or using certain portions in common, such as entrances, halls and stairways, the landlord is held to be in control of such portions and must keep them in safe condition, and for failure to do this he is liable to the guests, customers

and employees of the tenant's injured in consequence of his negligence, and without fault on their part.

4. Where a person employed by a tenant to make an improvement permitted by the landlord, is injured by the negligence of an elevator operator employed by the landlord, the landlord is liable to the person injured.

5. Evidence of the operator's promise to notify the person injured of the movement of the car is admissible, as a failure to keep such promise would be evidence of negligence.

6. Where the case is tort, the operator's authority to make a contract on behalf of his employer is not involved.

7. The employee of an independent contractor may recover from the owner of the premises for an injury sustained through the latter's negligence.

Argued March 20, 1925. Appeal, No. 59, March T., 1925, by defendant, from judgment of C. P. Allegheny Co., July T., 1923, No. 1973, on verdict for plaintiff, in case of Helen W. Sloan v. W. A. Hirsch. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before REID, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,700. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*Charles F. Patterson,* with him *William A. Challener,* for appellant.—Plaintiff's decedent having entered the building as a licensee, no recovery can be had for a negligent act on part of defendant's employee where no wilful or wanton negligence is present: Weaver v. Steel Co., 223 Pa. 238; Urban v. Focht, 231 Pa. 623; Schiffer v. Sauer, 238 Pa. 550; Ortlieb v. Poth, 249 Pa. 270.

*H. Fred Mercer,* with him *W. Heber Dithrich,* for appellee, cited: Craig v. Mfg. Co., 272 Pa. 219; Papilios v. Mfg. Co., 58 Pa. Superior Ct. 70; Schwarz v. Glenn, 244 Pa. 519; Perry v. Payne, 217 Pa. 252; Newingham v. Blair Co., 232 Pa. 511.

OPINION BY MR. JUSTICE WALLING, April, 13, 1925:

Defendant is the owner of the Hirsch Building on Fifth Avenue, Pittsburgh, in which the elevator system consists of two cars moving side by side, with counterweights for each located in the back of the shaft. Dr. Gehrs, a tenant on the third floor, requiring the use of electricity, secured consent of defendant's superintendent to place a conduit in the back part of the elevator shaft with wires therein by which the electric current could be transmitted from a generator in the basement. The superintendent suggested Sunday morning, April 8, 1923, as a convenient time for installing the conduit, etc., which plaintiff's husband, Curtis M. Sloan, an electrician, contracted with the doctor to do. On that occasion the elevators were in charge of and operated by a young man in defendant's employ, named Kaltenborn. By arrangement between him and Sloan, car No. 1 was to remain at a proper height so the latter and his helper could, by placing a plank on the top thereof, do the necessary work on the third floor. Meantime, when elevator service was required, Kaltenborn operated car No. 2. The evidence for plaintiff, although contradicted, was sufficient to support a finding that Kaltenborn agreed to call to Sloan whenever car No. 2 was to be moved up or down, which he did on several occasions; later, he moved the car up without notice to Sloan, who was caught and killed by the descending counterweights. At the trial of this case, brought for the damage thus sustained, the questions of negligence and contributory negligence were submitted to the jury, who found for plaintiff; from judgment entered thereon defendant has appealed.

Appellant's contention that one who goes upon another's premises for a purpose of his own, in which the other has no interest although consenting, is a mere licensee without remedy against the owner for injury there sustained unless it be inflicted wilfully or wantonly (of which in the instant case there was no sufficient evidence), is sound but not applicable here. Sloan was there by the implied invitation of the owner and, hence, occupied the position of an invitee; being such, it was the landlord's duty to use reasonable care for his protection: Newingham v. J. C. Blair Co., 232 Pa. 511; Reed v. Pitts., C., C. & St. L. R. R. Co., 243 Pa. 563. "The authorities are entirely agreed upon the proposition that an owner or occupant of lands or buildings who directly or by implication invites or induces others to go thereon or therein owes to such persons a duty to have his premises in a reasonably safe condition and to give warning of latent or concealed perils": 20 R. C. L., p. 55, section 51; and see 21 Am. & Eng. Enc. of Law (2d ed.) p. 471. A landlord is interested in the comfort and prosperity of his tenants and his consent that they make improvements is an implied invitation to those they employ to make them. He also occupies the same position to those who come upon the demised premises on business with the tenants: 29 Cyc. 456.

Furthermore, the accident here in question happened in that part of the building reserved and operated by the landlord for the benefit of all his tenants; hence, the rule stated in 16 R. C. L., p. 1072, section 591, is applicable, that, "Where premises are let to several tenants, each occupying different portions, but all enjoying or using certain portions in common, such as the entrances, halls, stairways, etc., of the tenements or apartment houses, the landlord is held to be in control, and owes, not only to his tenants, but to those lawfully on the premises as the servants, guests and customers of the tenants, the duty to exercise reasonable care and diligence to keep such parts in safe condition, and for failure to do this

he is liable to such servants, guests, etc., injured in consequence of his negligence, and without fault on their part." The established rule that the employee of an independent contractor may recover from the owner of the premises for an injury sustained through the latter's negligence (Craig v. Riter Conley Mfg. Co., 272 Pa. 219; Perry v. Payne, 217 Pa. 252; Connelly v. Faith, 190 Pa. 553; Pender v. Raggs et al., 178 Pa. 337; Papilios v. Best Mfg. Co., 58 Pa. Superior Ct. 70; and see Schwarz v. Glenn, 244 Pa. 519; Metzgar v. Cramp, 235 Pa. 17) bears some analogy to the instant case. In Rink v. Lowry (Ind.), 77 N. E. 967, on its facts quite like the present case, a verdict for plaintiff was sustained.

Defendant was responsible for the acts of his servant, Kaltenborn, and, as the case turned largely on the question of the latter's negligence, it was entirely competent to show he had promised Sloan to notify him of the movement of the car, for a failure to keep such promise would be evidence of negligence. The case, however, was tort and Kaltenborn's authority to make a contract on behalf of his employer was not involved further than as tending to establish his own negligence.

Sloan is presumed to have exercised due care and there is nothing in the record as matter of law to convict him of contributory negligence.

The assignments of error are overruled and the judgment is affirmed.