DuBois Recreation Company *v.* Boyle, Appellant.

Argued October 23, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

Ross H. Pentz, and with him W. C. Pentz and John J. Pentz, for appellant, cited: Moore v. Weber, 71 Pa. 429; Levine v. McClcnathan, 246 Pa. 374; Redman v. Weeter, 86 Pa. Superior Ct. 173; Pa. Co. for Insuring Lives v. Bodek, 77 Pa. Superior Ct. 473; Levin v. Philadelphia, 277 Pa. 560.

N. F. Womer, and with him John C. Arnold, for appellee.

OPINION BY KELLER, J., January 25, 1929:

In this case the learned court below submitted the disputed questions of fact to the jury, and instructed them as to the applicable law in accordance with the decision of this court in Minor v. Hogg, 67 Pa. Superior Ct. 419, 420. In this we find no error.

. The defendant's property was three stories high in front. The plaintiff leased only the first floor, as a bowling alley. At the rear the property was only one story high, so that this part of plaintiff's leasehold was next to the roof; but the defendant had constructed on the roof of this portion of the building a walk for use by the tenants of the second and third floors of the front portion of the building to secure supplies from the rear. The verdict of the jury is conclusive that the roof of the one-story part of defend-

ant's building did not pass to plaintiff as part of the leased premises but remained under the dominion and control of the defendant. The clause in the lease, that "all *inside* changes and repairs are to be made by the lessees and at their own expense in the future," is consistent with this finding. The duty of keeping the roof of the entire premises in repair thus rested on the defendant; none of it appertained to the plaintiff in connection with its lease; and defendant recognized her duty in this respect by numerous promises to repair the roof, so as to prevent damage to plaintiff's bowling alley. Her failure to perform this duty, thus recognized, rendered her liable, under the authority of Minor v. Hogg, supra, for the plaintiff's resulting damage. Along somewhat similar lines, see Sloan v. Hirsch, 283 Pa. 230; Lewin v. Pauli, 19 Pa. Superior Ct. 447, 451; Koplo & Koplo v. Ettenger, 84 Pa. Superior Ct. 358, 361; Will v. Knoblauch, 92 Pa. Superior Ct. 537, 541.

The judgment is affirmed.