Germansen *v.* Egan, Appellant.

Argued October 5, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Raymond A. White, Jr.,* for appellant.

*Edward Watson,* with him *Morris W. Kolander,* for appellee.

OPINION BY KELLER, P. J., January 27, 1938:

This is an action of trespass brought by the plaintiff against the landlord of her employer. The verdict was for the plaintiff, so all disputed questions of fact must be resolved in her favor. In the light of that principle we shall state the relevant facts.

The defendant, Mrs. Josephine Egan, was the owner of a four story building fronting on Walnut Street, Philadelphia. She rented part of the first floor to Sherman-Linderman Company, for whom the plaintiff worked as a millinery designer. The premises leased to the Sherman-Linderman Company included a store room fronting on the street, a salon back of the store room, and a work room, which extended to a point about halfway of the first floor. The rear of the first floor was occupied by the defendant, herself, who car-

ried on a business there. The other floors were leased by Mrs. Egan to different tenants, she remaining in general custody and control of the building.

The work room was about twelve by sixteen ·feet, without any windows, and was lighted by electricity, but received some natural light from a skylight in the ceiling. This skylight was made of eight panes of regular skylight glass. One of the panes was cracked and its defective condition had been called to the defendant's attention by the tenant some weeks previously. The janitor employed by defendant cleared off the snow from time to time as it fell and unsuccessfully attempted to fix a leak which had developed at the skylight, but the cracked pane of glass was not replaced with a sound one by the defendant until after the accident hereinafter referred to had occurred. The skylight formed part of the roof over this work room. This roof was the bottom of a small light well, through which light was furnished to rooms on the three upper stories of the building by windows facing on the well. The photographs offered in evidence show that a down spout or spouts conducted the rain falling on the roof of the higher parts of the building surrounding the well and discharged it on the roof over the work room before referred to, of which the skylight formed a part, from whence it was carried away and disposed of. It is established, therefore, that the defendant landlord used this roof, of which the skylight was a part, to collect and carry away the rain water falling on the rest of her building—the four story part—and was in possession, custody and control of it for the general benefit of her building. See *DuBois Recreation Co. v. Boyle*, 95 Pa. Superior Ct. 219. She alone had authority to repair or replace it. It follows that she was responsible for any damages naturally resulting from her negligent maintenance of the roof and skylight. See *DuBois Recreation Co. v. Boyle*, supra; *Longbotham v. Takeoka*, 115 Ore.

608, 239 P. 105; *H. C. Capwell Co. v. Blake,* 9 Cal. App. 101, 98 P. 51; *Center & Treadwell v. Davis,* 39 Ga. 210; *Sullivan v. Northridge,* 246 Mass. 382, 141 N. E. 114.

On February 2, 1935 the plaintiff was working in the room under this skylight. There had been a number of heavy snows, which defendant's janitor had removed from the skylight from time to time. While the plaintiff was thus engaged, a large mass of snow which had collected on the roof of defendant's building surrounding the well and inclining towards it, was precipitated with force down onto the roof and skylight over the work room, breaking through the cracked or broken pane of glass and causing pieces of the latter to fall on the plaintiff, resulting in severe cuts and injuries to her. The sound panes in the skylight were not injuriously affected by the fall of snow from the roof. The plaintiff did not know that there was a cracked or defective pane of glass in the skylight over her head. She had no occasion to examine it and the knowledge of her employer, not communicated to her, could not be imputed to her so as to make her guilty of contributory negligence, as matter of law, for working under it.

These facts, adduced in evidence, justified the court below in submitting the case to the jury and in refusing defendant's point for binding instructions and motion for judgment non obstante veredicto in her favor. She does not ask for a new trial.

The defendant must have been aware, from the construction of the light well and the incline or slope of the roof surrounding it, that snow collecting on that roof would probably be precipitated by a slide onto the roof, including the skylight, at the bottom of the well. She was bound to know that a cracked pane in the skylight weakened its resistance to the force accompanying the slide of snow from the roof of the building, three stories up. She knew that the room under the light well, which she had leased to the plaintiff's employer,

was a work room occupied by people at work and liable to be injured by a broken skylight, and the duty rested on her as the owner in charge and custody of a building rented to various tenants to see that an instrumentality used for the general benefit of the building was in a reasonably safe condition, and when her attention was drawn to the cracked pane of glass in the skylight she should have been reasonably diligent in replacing it with a sound pane before the accident, as she was immediately after it. Her negligence, in the circumstances, was a question of fact for the jury.

The rule laid down by the Supreme Court in *Harris v. Lewistown Trust Co.*, 326 Pa. 145, 191 A. 34, in our opinion, cannot be applied here. It is confined to cases where the landlord rents an entire building to a tenant, retaining no possession or control over any part of it. It does not apply where the landlord rents different parts of a building to different tenants and himself occupies part of it. In such case the landlord remains in possession and control of the building, except those portions specifically leased to tenants. The roof of a building rented to different tenants is not leased to the tenant of the floor just below it, but remains in the control of the landlord, and the latter is responsible for damages naturally resulting from its negligent maintenance: *Minor v. Hogg,* 67 Pa. Superior Ct. 419. See Restatement, Torts—Negligence, section 361 (b). Compare the liability of the landlord for the negligent maintenance of a sidewalk, where the building is leased to different tenants, with the liability of the tenant where he is in sole custody, control and possession of the premises: *Baxter v. Borough of Homestead,* 120 Pa. Superior Ct. 182, 182 A. 68; *Cooker v. Great A. & P. Tea Co.,* 120 Pa. Superior Ct. 239, 182 A. 71; *Bruder v. Philadelphia,* 302 Pa. 378, 153 A. 725. No one would question the liability of this defendant in an action of trespass if one of the employees of one of her other tenants

had been injured by reason of the defective condition of a hallway, or stairway, or other instrumentality of the building, maintained by her for the common benefit and advantage of the occupants of the building: *Lewin v. Pauli,* 19 Pa. Superior Ct. 447; *Sloan v. Hirsch,* 283 Pa. 230, 128 A. 831. We have already pointed out that the skylight was a part of the roof at the bottom of the light well, which had been constructed and was maintained for the benefit of the tenants on all floors, and that this roof, of which the skylight formed a part, was used by the defendant to collect, discharge and carry away the rain water falling on a large part of her building. It was therefore in her possession, custody and control and she was responsible for its maintenance just as much as the owner of the building in *DuBois Recreation Co. v. Boyle,* supra, who had placed a walk over the roof of the one-story building occupied by the plaintiff in that case, for the use of the tenants of her two-storied building. Her responsibility extended to liability for personal injury naturally resulting from her negligent maintenance no less than to liability for property damage: *Lineaweaver v. Wanamaker,* 299 Pa. 45, 149 A. 91; *Will v. Knoblauch,* 92 Pa. Superior Ct. 537; *Sullivan v. Northridge,* 246 Mass. 382, 141 N. E. 114.

The assignments of error are overruled and the judgment is affirmed.

DISSENTING OPINION BY STADTFELD, J.:

The primary question for consideration, in my opinion, is whether or not the duty of keeping in repair the skylight of the particular room in which plaintiff worked, rested upon defendant. The duty of keeping in repair a roof or skylight on a roof rests upon the party who exercises dominion and control over the premises involved: *DuBois Recreation Co. v. Boyle,* 95 Pa. Superior Ct. 219, 221. The obligation to repair follows dominion and control. Where dominion and control over a portion of the premises demised is re-

tained, the duty to repair remains, and conversely where no dominion or control is retained, the duty to repair does not arise. The burden of proof rests upon the injured person to show that the landlord retained possession and control for himself or other tenants, over that portion of the leased premises wherein the injury complained of occurred, in order to charge him with the duty of keeping the same in repair: *Brauner v. Snell* (1922) 35 Idaho 243, 246. There is nothing in the testimony to indicate that defendant had expressly retained dominion and control over the roof or skylight above the one-story workroom; nor that she had assumed dominion and control.

The testimony of defendant's janitor that unrequested by anyone he had a week before the accident, fixed leaks in the skylight by cleaning off snow, is not indicative of any assumption of control by the landlord. It is rather to the contrary, when considered in the light of the tenant's testimony that, "He (the janitor) did all the cleaning and anything particularly that was to be done that we wanted done, that was his work, we would ask him and he would do it." In no event could the tenant increase the scope of the landlord's obligation by his own control over the janitor's services, and this is especially so here where, unrequested by the landlord, the janitor undertook merely to clean off the snow, but not to repair the skylight.

Whether an implied obligation on the part of the landlord to repair the skylight can be founded upon the fact that the landlord retained a portion of the building for his own use and also demised some portions to tenants other than plaintiff's employer, remains to be considered.

It is a well established principle that the owner of a building who leases it to different tenants, and expressly or impliedly reserves portions thereof, such as stairways (*Lewin v. Pauli,* 19 Pa. Superior Ct. 447)

or paths (*Fortunato v. Shenango Limestone Co.,* 278 Pa. 409, 123 A. 482), for the use in common of different tenants, is liable for any personal injury to a tenant, or a person in privity with a tenant, due to defects in the portion of the leased premises of which the landlord so retains control. However, commenting upon this rule, the New York Court of Appeals said, in the case of *O'Dwyer v. O'Brien,* 13 Appellate Division 570, at p. 573: "...... it (the rule) applies only to passages, stairways or alleys used in common by the different tenants of one building. In the case at bar, the alleyway was only used by one tenant, and was a part only of one tenancy, and, therefore, the same rule would be applied as if the plaintiff's husband were the sole tenant of the building." In this latter case, the front portion of the tenement was leased to one tenant and the rear portion to the plaintiff's husband.

The case of *Margolius v. Muldberg,* 88 N. Y. S. 1048, also adopts this limitation to the general rule. The material portion of the case is reported as follows: "The plaintiff, a subtenant under a lessee of, and in possession of, certain premises of the defendant, brought this action to recover for alleged damages to his goods from rain water coming through the roof of the extension, of which he was the sole occupant. His complaint was dismissed when he rested, and rightly, because the owner, in the absence of contractual relation, was under no obligation to keep in repair the particular roof of a part, not for the protection of the tenants generally, but solely for the plaintiff ......"

The court in the latter case also based its decision on the contributory negligence of the plaintiff. Similar recognition of the soundness of this limitation is given in the case of *Lichtig v. Poundt,* 23 Misc. Rep. 632, 52 N. Y. S. 136; *Rosenthal et al. v. Seville et al.,* 221 N. Y. S. 198, 199; *Lawler v. Capital City Life Ins. Co.,* 68 Fed. (2) 438, 439.

This limitation to the general rule is assumed in the case of *DuBois Recreation Co. v. Boyle,* supra. In this case, a tenant brought an action of trespass against a landlord to recover for damages to his goods. The defendant's property was three stories high in front. The plaintiff leased only the first floor as a bowling alley. At the rear, the property was only one story high, so that this part of plaintiff's leasehold was next to the roof; but the defendant had constructed on the roof of this portion of the building, a walk for use by tenants of the second and third floors of the front portion of the building to secure supplies from the rear. The jury brought in a verdict for the plaintiff. On appeal by defendant, the court said, at pp. 220, 221: "The verdict of the jury is conclusive that the roof of the one-story part of defendant's building did not pass to plaintiff as part of the leased premises, but remained under the dominion and control of the defendant ...... The duty of keeping the roof of the entire premises in repair thus rested on the defendant; ...... and defendant recognized her duty in this respect by numerous promises to repair the roof, so to prevent damage to plaintiff's bowling alley. Her failure to perform this duty, thus recognized, rendered her liable under the authority of *Minor v. Hogg,* 67 Pa. Superior Ct. 419, 420, for the plaintiff's resulting damage." It seems clear that the mere fact that the owner of the building leased to different tenants did not form the basis for his liability for failure to repair the roof of first floor extending beyond the rest of the building; but the fact that the owner had constructed on the roof of this portion of the building a walk for use by the tenants of the second and third floors of the front portion of the building to secure supplies from the rear, indicates that this part of the leased premises remained under the dominion and control of the defendant.

Likewise, in the case of *Roberts v. Lipschitz and*

*Peters,* 30 Pa. Dist. Rep. 484, the limitation is recognized by the statement in the syllabus, that the mere fact that a building is leased to different tenants does not of itself make the landlords liable for an injury which occurred in that portion of the premises which was leased to a tenant.

The facts in the instant case do not show a situation where the defect is in a portion of a roof common to the whole building and the roof protects all parts of the building occupied by different tenants. Here the roof was immediately over the room at a separate height from the main roof and formed the ceiling of the room occupied by the plaintiff's master as tenant. Not only so, but the portion out of repair was a skylight designed alone to furnish light to the one tenant, Sherman Linderman Company, and its employees. It happened that the window was in the roof in place of being on the side of the building and was therefore called a skylight. Would anyone contend, under the other facts present here, that if this opening had been on the side, the landlord would have been liable in an action in tort for damages caused by a failure to make repairs to the window? Certainly there would be the same access for making repairs in each case. The room occupied by this plaintiff was in the exclusive control of her master, the landlord did not have access thereto, and the skylight was a part of the room. To interfere with the skylight was to interfere with the tenant's occupancy.

The fact that the defendant maintained a down spout or spouts to conduct the rain falling, on the roof of the higher parts of the building surrounding the light well, and discharging it along the side roof over the workroom before referred to, of which the skylight formed a part, is not such a retention or assumption of control and occupancy of the skylight itself as to impose any obligation on the defendant. The mainte-

nance of the spout or spouts, or the drainage of the water, in no manner contributed to the accident. Hence the limitation to the general rule is entirely applicable to the circumstances of this case.

"It is equally well-established that where the tenant has no redress against the landlord, those on the premises in the tenant's right are likewise barred." *Harris v. Lewistown Trust Co.*, 326 Pa. 145, 191 A. 34, at p. 150. In that case it was decided that an employee is on the premises in the tenant's right, the court asserting, "The ground of this principle is that since members of the family, employee, guests and other invitees of the tenant are brought on the premises through the tenant's initiative, they must look to him and not to the owner, who is out of possession, for their protection."

Since, therefore, there was no duty on the part of defendant to repair the skylight for the protection of plaintiff, there is no need for further consideration of the proximate cause of the accident, nor for the question of plaintiff's contributory negligence.

From the foregoing, it appears that there was no right of action in plaintiff, under the circumstances, against the defendant, and in my opinion, judgment should have been reversed.

PARKER, J., concurs in this dissent.