Williams, Appellant, *v.* Wolf.

Argued October 3, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Albert M. Hankin,* with him *Harry Lapensohn, Milford J. Meyer* and *Meyer, Lasch, Hankin and Poul,* for appellant.

*John J. McDevitt, 3rd,* with him *Peter P. Liebert, 3rd,* for appellees.

OPINION BY RENO, J., November 15, 1951:

Plaintiff sued Wolf and Ryman for personal injuries sustained upon premises which he averred were controlled by each defendant. Wolf's answer denied control; Ryman did not file an answer. The jury found a verdict for plaintiff and both defendants moved for

judgment n.o.v. Subsequently Ryman withdrew his motion and judgment on the verdict was entered against him. Wolf's motion was sustained and judgment n.o.v. was entered for him. Plaintiff appealed.

For the purpose of delivering meat to Wolf, who conducted a retail business on the ground floor of a building in Philadelphia, plaintiff entered the store and was injured when a floor board in the aisle opposite Wolf's counter collapsed. The court en banc stated: "We are well satisfied that the proofs were sufficient to go to the jury on the question of negligence." Wolf does not concede this proposition and argues that his point for binding instructions should have been affirmed. This, however, is not the pivotal question, and we pass it.

The principal controversy revolves about the question: Who had control of the floor area in which plaintiff was injured? On one side of the store Ryman conducted a vegetable and produce market; on the other side Wolf sold meats and groceries. Plaintiff was injured in the aisle "between the two counters", as he testified. The name of the owner of the building does not appear, but Ryman's failure to file an answer amounted to an admission that he had possession or control of the property involved. Pa. R. C. P. No. 1045 (b). Wolf denied control, and rested his defense upon a lease from Ryman to himself for "all that certain concession, space, fixtures and appurtenances as pertains to the retail dispensing of meats, groceries, delicatessen and other food products with the express reservation and exception of produce and fresh fish, including however certain store fixtures itemized. elsewhere herein for the use of the Grantee or Lessee but to remain the property of the Lessor, contained in and a part of the Corner store premises #2000 Fairmount Ave: State of Pennsylvania, to be used and occupied as a retail food market. . . . It is expressly understood

by the Lessee that this is a sub-Lease and is subject to all conditions of a previous lease given by the Owner of the premises to Joseph Ryman, the sub-Lessor herein:" Attached is a schedule of the equipment referred to in the body of the document.

So, Ryman sub-leased to Wolf an undefined space in the store which he, Ryman, possessed and controlled under his lease with the unnamed owner. As between them, Ryman was the landlord and Wolf his tenant. 32 Am. Jur., Landlord and Tenant, §414. As to third parties, liability for injuries rests upon the party who has possession and control of the area in which the injury occurred. *Sloan v. Hirsch,* 283 Pa. 230, 128 A. 831; *Germansen v. Egan,* 130 Pa. Superior Ct. 21, 196 A. 881. Obviously, Wolf did not have sole possession or control of the aisle, for it was used also by Ryman's customers. Wolf had possession and control only of the space sublet to him which, although not definitely delineated, comprised only the "concession, space, . . . as pertains to the retail dispensing . . ."

The case, then, is ruled by the principle formulated in Restatement, Torts, §360: "A possessor of land, who leases a part thereof and retains in his own possession any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sub-lessee for bodily harm caused to them by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe."

The end result is that Ryman had possession of the whole store; that he leased part of it to Wolf; that Ryman retained in his possession the aisle which Wolf used as appurtenant to the part leased to him; and

that Ryman, not Wolf, is liable for the injuries to plaintiff which he received in the aisle.

Plaintiff does not controvert this principle but refutes its applicability to this factual situation. Although he averred in his complaint that possession was in each defendant and now has judgment against Ryman as a possessor, he argues here that Wolf was the sole possessor. He contends that, without proof of the authenticity of the lease and that Wolf took possession under it, the document was inadmissible in evidence. Yet when the lease was offered, plaintiff objected only to its materiality, and did not question its execution. Upon his further objection, the trial judge, against Wolf's objection, required Wolf to offer the whole lease rather than selected relevant portions, and plaintiff made all the provisions the basis of his argument to the jury. On appeal plaintiff cannot interpose objections to evidence which he did not submit at the trial. *Huffman v. Simmons,* 131 Pa. Superior Ct. 370, 200 A. 274.

Nor is plaintiff's construction of the lease sound. He contends that "the express reservation and exception of produce and fresh fish" to Ryman indicated that Wolf had in all other respects complete control of the premises, and that there was no evidence that Ryman exercised his reserved right. Yet plaintiff himself testified that on one side of the aisle was a fish and produce counter. He introduced in evidence a paragraph from his complaint as an admission by Ryman, who had not filed an answer: "On said date the said premises were also possessed, maintained and controlled by the defendant, *Joseph Ryman, who operated a vegetable and produce market therein.*" (Emphasis added.) Thus plaintiff himself proved that Ryman had exercised his reserved right. The description of the area leased to Wolf as "a concession, [a] space," completely answers the argument that the entire premises were sublet to Wolf.

On the outside of the building was a sign "Family Market", a name registered by Wolf under the Fictitious Name Act of May 24, 1945, P. L. 967, 54 P.S. §28.1 et seq. The presence of the sign, plaintiff argues, raises a presumption that Wolf was the possessor of the premises, relying upon the cases where a trade name on a commercial vehicle raises a presumption of ownership and agency. The doctrine has not been extended beyond that line of cases, and no presumption of ownership or possession arises from the presence of a trade name or an advertising sign on a building. The sign indicated only that there was a "Family Market" in the building, and the registration, pursuant to the Fictitious Name Act, revealed its proprietor.

Plaintiff's other points have been considered but require no discussion. The cases upon which he relies and in which liability was imposed upon the tenants while exempting the landlords are instances where the entire premises were leased to the tenant.

Judgment affirmed.