Darlene **HANKO** and John **Hanko, Plaintiffs,**

v.

**UNITED STATES of America, Defendant and Third Party Plaintiff,**

v.

John H. **SHERBONDY** and Mary M. **Sherbondy, Third Party Defendants.**

**Civ. A. No. 82–2456.**

United States District Court,
W.D. Pennsylvania,
Pittsburgh Division.

March 30, 1984.

---

Louis J. Kober, Greenburgh, Pa., for plaintiffs.

Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant and third party plaintiff.

Timothy D. Appelbe, Murovich, Reale & Fossee, Pittsburgh, Pa., for third party defendant.

## OPINION

SIMMONS, District Judge.

This is a trip and fall case. The injured plaintiff is suing the tenant of the premises. The tenant has impleaded the owner. Both defendants have moved for summary judgment.

On June 18, 1980, the plaintiff in this civil action, Darlene Hanko, fell on the sidewalk abutting the Westmoreland City Post Office after exiting the building. The plaintiff avers that her fall was precipitated by a steel plate "I" beam protruding from the sidewalk.

As a result of the injuries sustained from the fall, Hanko filed suit against the United States of America, who in turn joined as third-party defendants, the Sherbondys, owners of the premises in question.

In 1970 the building now in dispute was owned by Caroline Schade. Schade entered into a written lease agreement with the United States. Later, the United States exercised an option in the lease agreement to renew the lease for a five-year term.

This term was scheduled to expire on July 31, 1980.

Since 1974 Sherbondy rented the lower level of the building and maintained an office therein. In 1977 Sherbondy purchased the property from Schade. After the purchase of the property Sherbondy continued to maintain an office in the building and did so on the day of Hanko's accident. Although Sherbondy knew of the prior lease agreement between the United States and Schade, no assumption or assignment of the lease was formally entered. After Sherbondy acquired the ownership of the property he began receiving rental payments from the United States and the United States continued to occupy the first floor of the building as a post office.

## I.

Both defendants have filed a Motion for Summary Judgment. The United States contends that on the undisputed facts it is entitled to judgment as a matter of law because under Pennsylvania law a tenant is not liable for injuries sustained to third-parties on areas adjacent the leased premises where the landlord retains joint possession of the property. Sherbondy advances the same argument. Sherbondy also contends that judgment must be entered in his favor since he can only be held liable for indemnity or contribution on the third-party complaint if the United States is liable to the plaintiff in the first instance.

Hanko argues that a motion for summary judgment will not lie in this case because there is a disputed issue of fact which can only be resolved by the trier of facts. Hanko contends that the premises in question are two separate buildings; one occupied by the Post Office and a second by Sherbondy. The defendants assert that there is only one building. Hence, Hanko's theory is that a factual issue exists as to whether there is a multiple tenancy, which he asserts cannot be resolved through the summary judgment proceeding.

■ The law is well settled that the moving party has the burden of demonstrating that there exist no material and genuine, disputed issue of fact. *Fairbanks, Morse & Co. v. Consolidated Fisheries Co.*, 190 F.2d 817, 824 (3d Cir.1951). The movant must also show that he is entitled to judgment as a matter of law. Any doubts as to the existence of a genuine and disputed issue of material fact and any inferences drawn therefrom are to be resolved against the moving party. *United States v. Diebold Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). However, summary judgment is always proper "if the pleadings, depositions, answer to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c).

In this case the affidavit of the present owner of the premises indicates that the United States is a tenant on the first floor of the building and that Sherbondy maintains an office from which he conducts his business affairs in the same building, but on a lower level. Hanko agrees that the portion of the building maintained by the owner is on a lower level of the premises occupied by the Post Office. However, Hanko contends that because there is only one public entrance to the Post Office on the upper level accessed by Main Street and a separate entrance to Sherbondy's office on the lower level accessed by Fifth Street, Sherbondy's office and the Post Office are in two separate buildings. Hanko's theory of what constitutes a single building turns on the existence of connecting entrances and common doorways. This argument is unpersuasive.

■ To be entitled to summary judgment, however, the moving party must demonstrate that there exist no *genuine* issue as to any material fact. *See Peterson v. Lehigh Valley District Council, United Brotherhood of Carpenters and Joiners*, 676 F.2d 81, 84 (3d Cir.1982). The record before this Court clearly indicates that Sherbondy's office and the Post Office

are a part of the same structure and in fact constitute but one building, all of which is owned by Sherbondy. The lack of a connecting entrance or a common doorway does not in itself defeat the existence of a unitary structure. Nor does the naked factual averment create a *genuine*, disputed issue of material fact in this case. To merit denial of a motion for summary judgment, where one is otherwise proper, the facts must be *genuinely* in dispute; frivolous factual averments will not defeat the motion.

The lease agreement between Schade and the Post Office describes the premises as a "one story masonry building." Also, the owner's affidavit indicates that the office he maintained is situated in the same building as the Post Office. Sherbondy purchased only one building from Schade. On balance, it is clear and unmistakable that the Sherbondy premises is only one building, notwithstanding the absence of a common entrance or passage-way. Since there exist no *genuine*, disputed issue of material fact, the motions for summary judgment are ripe for disposition.

## II.

■ This suit was brought against the United States under the Federal Torts Claim Act (FTCA), 28 U.S.C. § 1346(b) (1976). Since the alleged tort occurred in the Commonwealth of Pennsylvania, that state's law is applicable under the FTCA. *See Fisher v. United States,* 441 F.2d 1288, 1289 (3d Cir.1971).

■ Under Pennsylvania law, liability of the owner to third-party business invitees turns on whether the owner retains control of a portion of the leased premises. In instances where the owner has leased the entire premises and has relinquished complete possession and control to the tenant, Pennsylvania Courts have uniformly held that the tenant, not the owner, is liable for injuries sustained by third parties. *Harris v. Lewistown Trust Co.,* 326 Pa. 145, 191 A. 34 (1937); *Dinio v. Goshorn,* 437 Pa. 224, 270 A.2d 203 (1969). On the other hand, if the owner leases out only a portion

of the entire premises and retains possession or control of a part thereof, the owner is liable for injuries sustained by third parties. *See Pratt v. Scott Enterprises, Inc.,* 421 Pa. 46, 50, 218 A.2d 795, 797 (1966), *citing, Germansen v. Egan,* 130 Pa.Super. 21, 25, 196 A. 881, 883 (1938). *See also Leary v. Lawrence Sales Corp.,* 442 Pa. 389, 275 A.2d 32 (1971), *citing, Williams v. Wolf,* 169 Pa.Super. 628, 84 A.2d 215 (1951).

■ The undisputed facts in this case clearly indicates that from 1974 until 1977, the United States shared the premises in question with Sherbondy as co-tenants. When Sherbondy purchased the premises in 1977, he continued to occupy the lower level of the building. The mere fact that Sherbondy and the Post Office enjoyed a separate entrance is not dispositive of the liability issue. As noted by the state court in *Leary,* "the issue of liability between landlord and tenant is to be resolved by answering the interrogatory: Who had control of these premises?" *Leary,* 482 Pa. at 393, 275 A.2d 32. The answer in this case is Sherbondy.

The lessor and the lessee both considered the maintenance of the sidewalk abutting the building to be the responsibility of Sherbondy. The lease agreement provides that it is the owner's responsibility to keep the premises in good repair and in tenable condition. This indicia of control, coupled with the owner's actual possession of a portion of the premises, leads to the unescapable conclusion that on the undisputed facts of this case Sherbondy retained sufficient control over the premises to absolve the tenant of liability for injuries to third parties. Because Sherbondy retained control of the premises, the United States, as a tenant in partial possession, is not liable for the injuries sustained by third parties on areas adjacent the building that Sherbondy controlled. Accordingly, the United States is entitled to judgment as a matter of law. The government's Motion for Summary Judgment is granted.

### III.

The third-party defendant has also moved for summary judgment. The United States filed a third-party complaint against Sherbondy, the owner, claiming that Sherbondy was liable to the United States for indemnity and contribution for the damages sought by Hanko.

 Formally under Fed.R.Civ.P. 14 the defendant could implead a third-party on the theory that the third-party defendant might be solely or jointly liable to the *plaintiff*. Presently, under Rule 14(a), a defendant can no longer implead a third-party defendant on the ground that the third-party defendant may be liable to the *plaintiff*. Consequently, the third-party defendant is liable for indemnity or contribution to the original defendant only if the original defendant is liable to the plaintiff, and liable to the plaintiff only if the plaintiff amends his complaint to state a joint claim against the two parties. *See* 3 Moore's Federal Practice ¶ 14.11, at 14–67 (2d ed. 1983).

In this case the plaintiff's amended complaint against the third-party defendant was barred by the statute of limitation and his motion to file the same was denied. As a result, the third-party defendant is only bound by the adjudication of the claim against the original defendant. Where, as in this case, the original defendant has asserted no independent claim on his own behalf against the third-party defendant and the plaintiff cannot amend his complaint to state a claim against the third-party defendant, the third-party defendant is entitled to be dismissed from the case. *See* 3 Moore's Federal Practice ¶ 14.15, at 14–81 (2d ed. 1983).

For these reasons, this Court holds as a matter of law, that a finding of liability against the United States must precede a claim of entitlement to indemnity or contribution from the third-party defendant. Since a finding of liability against the United States is foreclosed by virtue of the grant of summary judgment in its favor, the third-party defendant cannot be held liable for contribution or indemnity. Accordingly, Sherbondy's Motion for Summary Judgment is granted.