**RICHMOND WHOLESALE MEAT CO., Plaintiff,**

**v.**

**J.M. GEBAUER, INC., dba AIGA BASKET, Defendant**

High Court of American Samoa
Trial Division

CA No. 129-94

December 12, 1994

61

Before RICHMOND, Associate Justice, VAIVAO, Associate Judge, and AFUOLA, Associate Judge.

Counsel:     For Plaintiff, William H. Reardon
             For Defendant, Aviata F. Fa`alevao

Order Denying Motion for Summary Judgment:

On November 2, 1994, plaintiff filed a motion for summary judgment pursuant to T.C.R.C.P. 56. Plaintiff asserts that it is entitled to judgment based on defendant's failure to respond to plaintiff's request for admissions as required by T.C.R.C.P. 36. This motion came regularly before the court on December 23, 1994, and both parties were represented by counsel.

█ In support of its motion for summary judgment, plaintiff referred only to an exhibit attached to the request for admissions as proof that there is no genuine issue of material fact. Plaintiff did not file any affidavits or other materials allowed by T.C.R.C.P. 56, and did not cite any authority stating the appropriate standard of review for summary judgment, or affirming that summary judgment is even the proper remedy for failure to respond to a T.C.R.C.P. 36 request for admissions, or showing that the facts admitted, even if true, give rise to the relief prayed for in the complaint. In turn, defendant did not provide written response to plaintiff's motion.

We deem this to be wholly insufficient. While we are inclined to believe that plaintiff's instinct is correct in asserting that a failure to respond to a request for admissions results in a constructive admission of the matters included in the request for admissions, he fails to demonstrate that such facts entitle him to judgment as a matter of law.

█ It is not the duty of the court to assume or to provide the legal basis

of a moving party's motion for summary judgment. This would not be fair to either party. The role of the court is to be an impartial decision maker, not an advocate. In the present case, plaintiff has provided no clear demonstration of legal authority that would allow this court to enter a decision on the motion for summary judgment as a matter of law. Therefore, we will follow our instinct and exercise our discretion to deny the motion for summary judgment without prejudice.[1]

In the absence of any cited authority to the contrary, we will also advise plaintiff that at this point we are prepared to reject its claim to interest at 12% per annum. On its face, A.S.C.A. § 28.1501(a) limits the interest rate to 6% per annum in this situation.

It is so ordered.

---

[1] Unlike plaintiff's counsel, we do have support for our instinct that a movant for summary judgment must demonstrate entitlement to summary judgment as a matter of law, by citing legal authority, even when factual issues are not in dispute. *Niles v. United States,* 520 F. Supp. 808, 814-15 (N.D. Cal. 1981); *Hanko v. United States*, 583 F. Supp. 1280, 1282 (W.D. Pa. 1984).